EXHIBIT A
PLAINTIFFS' ANSWERING BRIEF IN
OPPOSITION TO NEW CASTLE COUNTY'S
MOTION TO DISMISS



U.S. OFFICE OF SPECIAL COUNSEL
1730 M Street, N.W., Suite 201
Washington, D.C. 20036-4505

January 24, 2005

Mr. William Narcowich
2807 Rickdale Road
Wilmington, DE 19810-3433

    Re: <u>OSC File No. HA-04-2890</u>

Dear Mr. Narcowich:

    This letter is in response to information the Office of Special Counsel received from you concerning allegations that Ms. Sherry Freebery's candidacy in a partisan election for New Castle County Executive in September 2004 may have violated the Hatch Act. At the time of Ms. Freebery's alleged activity, she was employed as the Chief Administrative Officer of New Castle County. After reviewing this information, we believe that Ms. Freebery was covered by the Hatch Act, and therefore, her candidacy violated the Act. However, for the reasons stated below, we have decided to close our file in this matter.

    The Hatch Act (5 U.S.C. §§ 1501-1508) restricts the political activity of individuals principally employed by state, county, or municipal executive agencies in connection with programs financed in whole or in part by loans or grants made by the United States or a federal agency. It has long been established that an officer or employee of a state or local agency is subject to the Hatch Act if, as a normal and foreseeable incident of her principal position or job, she performs duties in connection with an activity financed in whole or in part by federal funds. <u>In re Hutchins</u>, 2 P.A.R. 160, 164 (1944); <u>Special Counsel v. Gallagher</u>, 44 M.S.P.R. 57 (1990). An employee covered by the Act may not be a candidate for public office in a partisan election, i.e., an election in which any candidate represents, for example, the Republican or Democratic Party.

    We understand that New Castle County receives grants from a number of federal agencies, including the Federal Emergency Management Agency, and the Departments of Housing and Urban Development, Agriculture, and Justice. These funds are primarily managed by four departments within New Castle County, namely the Community Services Department, the Department of Land Use, the Police Department and the Finance Department.

    In a conversation with our office, Ms. Freebery stated that she is a political appointee of the County Executive. She executes the orders of the County Executive, and assists the County Council in carrying out its mandate. She also stated that she does not have any duties in connection with the federal funds received by the County, and that her

**U.S. Office of Special Counsel**
Page 2

knowledge of the federal funds received by the County arises because of her familiarity with the budget.

We also spoke with Mr. Tom Gordon, County Executive. He stated that Ms. Freebery works for him on such activities as proposing legislation and getting bills passed. He also said that Ms. Freebery does not have duties in connection with the federal funds received by the County because staff within the departments that receive federal funds manage and perform all duties in connection with these funds. Further, Mr. Gordon stated he is the individual who has oversight responsibilities and signs paperwork for the federal grants.

In addition, we spoke with officials in the County's Land Use, Police and Community Services Departments who stated that the duties pertaining to the federal grants, such as day-to-day management, are performed by the Departments' staff and not by Ms. Freebery. However, Ms. Freebery reviews and approves the Police Department's pre-grant application for federal grants and signs paperwork approving the use of these grants to hire police officers.

Notwithstanding Mr. Gordon's and Ms. Freebery's description of her duties, we note that New Castle County Code § 14.01.006 gives Ms. Freebery as CAO the authority to accept, enter an appendix to the grants budget, and authorize expenditures from grants. These grants include federal grants. Further, an official in the County's Finance Department explained to our office that the County's Chief Financial Officer (CFO) sends a letter to Ms. Freebery for her approval of the grants budget prior to its submission to the County Council.[1] Ms. Freebery stated to our office that she does not perform the functions in § 14.01.006 because she believes they have been delegated long-term to the County's Finance Department. However, she acknowledged that since she reviews the County's budgets when they are completed, it is possible that she performs this same function for the County's grants budget. Additionally, Ms. Freebery stated that she ensures that County managers provide information about federal grants in a timely manner to the Finance Department for the preparation of the budget. Moreover, information on the County's website state that the CFO, who is responsible for the County's overall financial management and policy, including federal grants, reports directly to Ms. Freebery.

Based on the preceding, we believe that as a normal and foreseeable incident of Ms. Freebery's position with New Castle County, she performed duties in connection with federally funded activities at the time of the primary election. Therefore, her candidacy was in violation of the Hatch Act. Nonetheless, in this instance, we have decided to close our file in this matter. The penalty for violating the Hatch Act for state and local employees is removal from employment. See 5 U.S.C. § 1505. Because Ms. Freebery is no longer employed by New Castle County, even if we were to conclude that her

---

[1] We were unable to verify this information with Ms. Freebery's superior, Mr. Gordon.

U.S. Office of Special Counsel
Page 3

violation warranted prosecution, we would be unable to receive meaningful disciplinary action. Furthermore, we have decided to take no further action in this matter because we understand that the U.S. Attorney's Office in Delaware has an ongoing criminal investigation that, among other things, involves Ms. Freebery's political activities.

    Please contact me at (800) 854-2824 if you have any questions concerning this matter.

Sincerely,

Mariama Liverpool
Attorney
Hatch Act Unit