EXHIBIT 11
TO PLAINTIFFS' COMPENDIUM OF
UNREPORTED CASES TO THEIR ANSWERING
BRIEF IN OPPOSITION TO THE INDIVIDUAL
DEFENDANTS' MOTION TO DISMISS OR STAY

Not Reported in A.2d
2004 WL 745715 (Del.Super.)
(Cite as: 2004 WL 745715 (Del.Super.))

Page 34

Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

Superior Court of Delaware.
Frank E. ACIERNO Petitioner,
v.
NEW CASTLE COUNTY, a political subdivision of the State of Delaware, and New Castle County Department of Land Use, an administrative agency of New Castle County, Respondents.
No. Civ.A. 03M-11-017RSG.

Submitted March 24, 2004.
Decided April 7, 2004.

Upon Consideration of Petitioner's Petition for a Writ of Mandamus: Denied.

Upon Consideration of Petitioner's Motion for Summary Judgment: Denied.

Upon Consideration of Respondents' Motion for Summary Judgment: Granted.

Richard L. Abbott, The Bayard Firm, Wilmington, Delaware, for Petitioner.

Shawn P. Tucker, Duane Morris, LP, Wilmington, Delaware, for Petitioner.

Mary A. Jacbson, New Castle County Law Department, New Castle, Delaware, for Respondents.

Scott G. Wilcox, Connolly Bove Lodge & Hutz, LLP, Wilmington, Delaware, for Respondents.

## MEMORANDUM OPINION

GEBELEIN, J.

*1 This lawsuit, initiated by Frank E. Acierno, seeks the issuance of a Writ of Mandamus commanding the New Castle County Department of Land Use ("Department") to grant final record plan approval to his shopping center site plan. Pending before this Court are summary judgment motions filed by the petitioners and respondents.

### PROCEDURAL HISTORY

Petitioner filed suit on November 4, 2003, seeking the issuance of a Writ of Mandamus to compel the Department to grant final approval of its major land development plan for the Christiana Fashion Center ("Plan") and forward the Plan to the New Castle County Council for legislative approval. On February 20, 2004, Petitioner filed a motion for summary judgment. New Castle County ("County") filed a cross-motion for summary judgment on March 2, 2004. Oral arguments were heard on the aforementioned issues before this Court on March 24, 2004.

### FACTS

Petitioner submitted a major land development plan to the Department for the property located northwest of the Christina River, east of Delaware Route 1, and south of the Christiana Mall and Christiana Retail Center in New Castle County, Delaware (the "Property"). The Plan proposed construction of a 915,000 square foot shopping mall on the Property known as the Christiana Fashion Center (the "Shopping Center"). Pursuant to the New Castle County Code at the time this action was instituted, section 32-97(d)(5), submission of a record plan shall include a letter of approval from DelDOT concerning provision of streets, curb cuts and other pertinent matters. In April of 2000, DelDOT submitted written comments to the Department concerning the Shopping Center project. At the time, DelDOT indicated that it would withhold all technical related comments related to the site plan until the Department's Division of Planning completed its review of a Traffic Impact Study ("TIS") and formulated recommendations regarding traffic impact. [FN1] DelDOT, by letter dated February 11, 2002, submitted its technical review of the TIS. [FN2] DelDOT recommended that the County deny or defer the development requests for the Plan until the State has the resources to contract for needed improvements to Interstate 95 and Delaware Route 1. [FN3] In addition, DelDOT recommended that if the Department approved the Plan, there were infrastructure, site access, and pedestrian improvements that it should require. [FN4]

FN1. *See* Petitioner's Exhibit 4.

FN2. *See* Petitioner's Exhibit 5.

FN3. *Id.* at 17.

FN4. *Id.* at 18.

The Department reviewed Petitioner's final record plan submission for the Shopping Center and informed Petitioner, by letter dated March 13, 2002, that the Plan could not be approved because he failed to provide the required letter of no objection from the Delaware Department of Transportation ("DelDOT"). [FN5] Specifically, the Department indicated that:

> FN5. *See* New Castle County Code § 32-97(d)(5) that provides a record plan shall include a "[l]etter of approval from DelDOT relative to provisions of streets, curb cuts and other pertinent matters" which is commonly referred to as a letter of no objection.

The record plan submissions meet all of the requirements of the New Castle County Code except for the lack of a letter of approval from DelDOT relative to provisions of streets, curb cuts and other pertinent matters ... Without a formal approval of the streets, curb cuts, and other pertinent matter [sic], however, the New Castle County Code does not permit the Department to take any other action except deem the record plan submission unsatisfactory and thereby expire the plan. [FN6]

> FN6. Petitioner's Exhibit 2 (citing 1995 New Castle County Code § 32-97(d)(5)).

STANDARD OF REVIEW

*2 The writ of mandamus is a command issued by a court of law having competent jurisdiction, to an inferior or lower court, to a tribunal or board, or to a corporation or person, requiring the performance of some duty named therein, said duty being attached to the official position of the party to whom the writ is directed, or resulting from operation of law. [FN7] Under Delaware law, mandamus is an extraordinary writ with a very limited scope of available relief. [FN8] Mandamus is issuable not as a matter of right, but only in the exercise of sound judicial discretion. [FN9] When directed to an administrative agency, mandamus will issue only to require performance of a clear legal or ministerial duty. [FN10] For a duty to be ministerial and thus enforceable by mandamus, it must be prescribed with such precision and certainty that nothing is left to discretion or judgment. [FN11] Issuance of a writ is inappropriate where a petitioner has an adequate remedy at law available to him. [FN12]

> FN7. *In re Brookins,* 736 A.2d 204 (Del.1999); *State ex rel. Lyons v. McDowell,* 57 A.2d 94, 97 (1947).

> FN8. *Remedio v. City of Newark,* 337 A.2d 317, 318 (Del.1975).

> FN9. *Guy v. Greenhouse,* Del.Supr. No. 285, 1993, Walsh, J. (Dec. 30, 1993) (citing *Ingersoll v. Rollins Broadcasting,* Del.Supr., 272 A.2d 336, 338 (1970)).

> FN10. *Id.* (citing *Capital Education Ass'n v. Camper,* 320 A.2d 782, 786 (Del. Ch.1974)).

> FN11. *Darby v. New Castle Gunning Bedford Ed. Ass'n,* 336 A.2d 209, 211 (Del.1975).

> FN12. *Taylor v. State,* 716 A.2d 975 (Del.1998); *Paczkowski v. Haller,* Del.Supr., No. 154, 2000, Veasey, C.J. (July 14, 2000).

Pursuant to Superior Court Criminal Rule 56(c) ("Rule 56"), summary judgment shall be granted if it is shown that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." [FN13] On motion under Rule 56, the facts must be viewed in a light favorable to the nonmoving party. [FN14] In a case involving cross motions for summary judgment, the parties implicitly concede the absence of material factual disputes and acknowledge the sufficiency of the record to support their respective positions. [FN15]

> FN13. Super. Ct. Civ. R. 56(c) (2004).

> FN14. *Oliver B Cannon & Sons v. Dorr-Oliver Inc.,* 312 A.2d 322 (Del.Super.Ct.1973).

> FN15. *Browning-Ferris, Inc. v. Rockford Enter., Inc.,* 642 A.2d 820 (Del.Super.Ct.1993).

DISCUSSION

The record before the Court is undisputed. The parties agree that the Plan was not approved by the County solely because Petitioner failed to provide a letter of no objection from DelDOT. However, Petitioner argues that pursuant to the applicable New Castle Code, section 32-97(d)(5), DelDOT needed

only to address: (1) new publicly dedicated streets proposed; (2) the provision of acceleration and deceleration lanes; (3) the necessity for right and left turn lanes; and, (4) subdivision sidewalks. [FN16] Petitioner submitted his record plan on March 1, 2002. The parties agree that the County did not respond to Petitioner's submission until March 13, 2002. [FN17] As such, Petitioner alleges that the County's failure to submit a timely response is in direct contravention of county law and Petitioner's statutory rights. Because the County failed to respond within five working days, Petitioner claims that the County was required to accept the record plan as to form and forward the plan to the County Council. [FN18]

> FN16. Petitioner's Brief at 4. The Court notes that the County Code requires submission of a letter of approval from DelDOT relative to provision of streets, curb cuts and other pertinent matters. 1995 *New Castle County Code* § 32-97(d)(5).
>
> FN17. New Castle County Code § 32-97(g) provides that: "[i]f the record major plan submission does not substantially comply as to form with subsection (d) of this section, the department shall notify the subdivider of the specific nature of such noncompliance within five working days from the date of receipt, in which case the subdivider may resubmit the record major plan when revised, in accordance with this section."
>
> FN18. New Castle County Code § 32-97(h) states that: "[w]ithin 15 working days of acceptance as to form, the department shall review the record major plan as to content ... When approved as to content, the director shall endorse the plan and forward the plan to the County Council."

Respondents argue that Petitioners are unable to meet the standards set forth for the issuance of a Writ of Mandamus because: (1) other adequate remedies exist thereby rendering mandamus unavailable; (2) the role of the Department in reviewing plans is not purely ministerial; and, (3) the County has no authority to approve the Plan since Petitioner failed to secure a letter of no objection from DelDOT and the Plan has since expired. [FN19]

> FN19. Respondents Brief at 3.

*3 In support of its first argument, Respondents claim that there are currently two pending actions that are before Delaware courts relating to the Plan. On July 3, 2003, **Acierno** filed a Petition for Certiorari in this Court seeking a review of a decision by the New Castle County Planning Board dated May 21, 2002, that found Petitioner's record plan submission did not contain the required DelDOT letter of no objection. [FN20] Citing *In re Hyson,* [FN21] respondents argue that the availability of certiorari defeats this mandamus action. In the second pending case, **Acierno** filed an action against DelDOT in the Court of Chancery seeking injunctive relief and damages. [FN22] In the Chancery Court case, Petitioner seeks an injunction compelling DelDOT to issue a letter of no objection and to commit to the necessary improvements necessary to accommodate the development of the property. [FN23] Respondents argue that since Petitioner is unable to establish that mandamus is the only remedy available, a writ of mandamus does not lie to force the County to approve the record plan. [FN24]

> FN20. Respondents Exhibit 4.
>
> FN21. *In re Hyson,* 649 A.2d 807, 808 (Del.1994) (a writ of mandamus will not issue, unless the petitioner can establish that there is no other adequate remedy available).
>
> FN22. Respondents Exhibit 5.
>
> FN23. *Id.* at 4
>
> FN24. Respondents Brief at 4 (citing *Woulard v. Lichtenstadter,* 2002 WL 31160328 (Del.Super.)).

In response, Petitioner argues that *certiorari* proceedings are based solely upon the record; therefore, the Court's scope of review is narrowly limited to errors of law, jurisdiction, and procedure. [FN25] Petitioner concedes that on the face of the record, it is undisputed that DelDOT failed to send a letter to the County containing a specific reference to the New Castle County Code, section 32-97(d)(5). As such, Petitioner indicates that *certiorari* fails to provide as full and fair scope of review that is available in a mandamus action. In addition, Petitioner argues that a *certiorari* proceeding is a longer method of review because it only takes into consideration the appellate board decision, rather than the underlying administrative decision. Petitioner also disputes that the pending action in the Court of Chancery provides an adequate legal remedy. Petitioner claims that the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

analysis set forth for determining whether mandamus is appropriate only looks to remedies available against the same party defendant. [FN26]

> FN25. Petitioners Reply Brief at 4 (citing *Bramble v. Dannemann*, 1980 WL 6366 (Del. Ch.)).
>
> FN26. The Court notes that the named defendants in the pending Chancery Court action are Nathan Hayward, III, Secretary of the Department of Transportation of the State of Delaware, and the Department of Transportation of the State of Delaware. *See Acierno v. Hayward*, Del. Ch. No. 19729-NC filed July 8, 2002. Petitioner indicates that this action has been stayed.

Respondent's second argument is that the act of reviewing record plans for code compliance and approving them is not purely ministerial. Respondents rely on both the Delaware Code [FN27] and New Castle County Code [FN28] to support their argument. Respondents assert that because plan review consists of numerous factors and interaction with several many agencies, boards and committees to ensure code compliance and a plan that addresses health, safety and welfare issues that the process is not a ministerial duty, but one that is discretionary. Respondents set forth the holding in *Remedio v. Newark,* [FN29] which states that the acts of an administrative agency cannot be considered ministerial if the agency has the authority to determine code compliance, review and approve plans, and implement policies. [FN30]

> FN27. *See* Del. Code Ann. tit. 9, § 1301 that provides that: "[t]he Department shall enforce compliance with the county subdivision and zoning code and regulations thereunder"; Del. Code Ann. tit. 9, § 1306 requires that all proposed subdivisions of land be "submitted to the Department for approval for conformity to the subdivision regulations and no such proposed subdivision shall be made or recorded unless approved by the Department.
>
> FN28. *See* New Castle County Code § 32-41 which sets forth the detailed regulations and procedures to ensure conformance with land planning policies. Specifically subsection section 21 provides that: "[t]he transportation needs of major subdivisions or land developments shall be analyzed to ensure that acceptable levels of service are achieved and maintained on roads within the county. The county shall work cooperatively with DelDOT to discourage significant erosion in levels of service and shall take or require action to mitigate adverse traffic impacts."
>
> FN29. *Remedio v. Newark,* 337 A.2d 317 (Del. 1975).
>
> FN30. *Id.* at 318.

In response, Petitioner argues that the determination concerning whether all necessary documents, contained in the New Castle County Code, section 32-97(d) checklist, have been submitted with a final record plan is merely a ministerial duty. Petitioner indicates that DelDOT did, in fact, submit a letter regarding traffic impact which included specific comments relative to streets, curb cuts and other pertinent matters; therefore, the County has a duty to approve the Plan, rendering the act non-discretionary.

*4 Respondents third argument is that the County has no authority to approve the Plan. Respondents claim that **Acierno** had twenty-one months to obtain the required letter of no objection from DelDOT from the date the County gave preliminary approval to avoid the expiration of the Plan. [FN31] On February 19, 2002, Petitioner requested the opportunity to address the record plan deficiencies indicated by the Department "before any letter goes out." [FN32] By letter dated February 22, 2002, the County granted **Acierno** an extension until March 1, 2002. [FN33] Petitioner submitted the record plan without the letter of no objection on the March 1, 2002 deadline. Accordingly, the Department informed **Acierno** that the Plan was officially expired by letter dated March 13, 2002. The County concedes that the written notice to Petitioner was given in eight business days, rather than within the five business days provided in the New Castle County Code, section 32-97(g). However, Respondents disagree with Petitioner's assertion that the three delay delinquency in notification results in a revocation of the County's authority to expire the plan; thereby requiring the automatically forwarding of the Plan to County Council for approval. Respondents claim that **Acierno** was well aware that the DelDOT letter of non-compliance was required, therefore the three-day delay in notification caused no harm to Petitioner.

> FN31. *See* New Castle County Code § 32-97(a)(1) which states that the subdivider shall submit a record plan for recordation within eighteen months after the Department has approved a preliminary plan. This

section of the Code permits an additional period of time, not to exceed ninety days. **Acierno** received conditional preliminary approval on May 12, 2000. Therefore, he had until February 11, 2002 to complete record plan submission to avoid expiration of the Plan.

FN32. Respondents Exhibit 7. The Court notes that Petitioner's request for an extension was requested after the February 11, 2002 deadline.

FN33. Respondents Exhibit 8.

In response, Petitioner states that he did not agree to any extension of the statutorily imposed deadline mandated by section 32-97(f) of the applicable New Castle County Code. Petitioner disagrees with Respondents claim that the three-day delay caused him no harm. Petitioner submits that it is just as reasonable to argue that the County's approval of the Plan will not cause it any harm.

## ANALYSIS

The parties agree that there is no dispute as to the factual record before the Court. It is apparent, as well, that the history between the parties has resulted in a relationship that is strained at best. Pursuant to Rule 56(c), the Court agrees with the parties that based upon the record and oral argument that there is no genuine issue as to any material fact. [FN34] Finally, the Court agrees with Petitioner that the County's act of approving a record major plan as to form is in fact non-discretionary. [FN35]

FN34. *See* Super. Ct. Civ. R. 56(c).

FN35. *See Christiana Town Center v. New Castle County*, 2003 WL 22368856 (Del.Super.) (stating that the sole purpose of the review of the application is to determine if the documentation satisfies the specific requirements of the County Code; if the application meets the requirements of the Code, the review is non-discretionary).

The sole issue before the Court is whether the letter from DelDOT constitutes a letter of "approval" as required by the Code. The content of the letter provided by DelDOT appears to the Court to satisfy the language of section 32-97(d)(6) of the New Castle County Code. [FN36] However, while DelDOT's letter concerning the technical review of the TIS does contain language relevant to streets, curb cuts, and other pertinent matters, the question remains, does it constitute a letter of *approval* (emphasis added) in relation to those issues. [FN37] DelDOT's letter, by its express language, specifically recommended denial or deferment of the development requests made for this project. It is hard to see how a review as to form could reach any decision other than that the Plan lacked a DelDOT letter of approval. [FN38]

FN36. NEW CASTLE COUNTY CODE (d)(6): "[l]etter from DelDOT containing its recommendations and comments on any required traffic impact study."

FN37. *See* 1995 New Castle County Code, § 32-97(d)(5).

FN38. Whether DelDOT acted properly is not before the Court in this action, as they are not a party to this proceeding. Petitioner is in a paradoxical situation. For the County to accept DelDOT's letter as approval would require an exercise of discretion to ignore the express language of the letter. If the review allows such discretion, mandamus is not appropriate to force a specific exercise of that discretion.

*5 The only substantive issue in this case is DelDOT's failure to provide the letter of no objection despite Petitioner's repeated requests. Upon reviewing the complaint filed in Chancery Court, it would appear Petitioner has a remedy that could provide appropriate relief. Petitioner, in that case, is seeking injunctive relief requiring DelDOT to issue the letter of no objection. [FN39] If Petitioner is successful in that equitable proceeding and if it were found that DelDOT improperly caused Petitioner's Plan to expire by withholding the letter, Chancery Court could unexpire the Plan.

FN39. *See* Respondents Exhibit 5. The Court notes that the County agreed at oral argument that a favorable finding for Petitioner against DelDOT in Chancery Court would allow for unexpiring of the Plan by operation of law and; therefore, submission of the Plan to the County Council.

The remaining arguments of the parties are moot as a result of the conclusion that Petitioner does not have a clear legal right to the relief sought by this petition.

## CONCLUSION

Issuance of a writ of mandamus is inappropriate for this reason. Petitioner's Motion for Summary

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d  
(Cite as: 2004 WL 745715, *5 (Del.Super.))

Page 39

Judgment and Petition for Writ of Mandamus are DENIED, and Respondents' Motion for Summary Judgment is GRANTED.

IT IS SO ORDERED.

2004 WL 745715 (Del.Super.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT 12
# TO PLAINTIFFS' COMPENDIUM OF UNREPORTED CASES TO THEIR ANSWERING BRIEF IN OPPOSITION TO THE INDIVIDUAL DEFENDANTS' MOTION TO DISMISS OR STAY

Slip Copy
2004 WL 2283560 (D.Del.)
(Cite as: 2004 WL 2283560 (D.Del.))

Page 1

Motions, Pleadings and Filings

Only the Westlaw citation is currently available.

United States District Court,
D. Delaware.
Rose M. BLAIR, Plaintiff,
v.
WAL-MART STORES INC., Defendant.
No. Civ.A. 03-717-GMS.

Sept. 30, 2004.
Rose M. Blair, Ellendale, DE, pro se.

MEMORANDUM

SLEET, J.

I. INTRODUCTION

*1 The plaintiff, Rose M. Blair ("Blair"), filed the above captioned suit, *pro se,* against her former employer, Wal-Mart Stores Inc. ("Wal-Mart"), alleging that it violated Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2, *et seq.,* by discriminating against her because of her disability. Presently before the court is Wal-Mart's motion to dismiss Blair's complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1). Blair's complaint is sufficient to constitute a basis for subject matter jurisdiction. Therefore, the court will deny Wal-Mart's Rule 12(b)(1) motion. Blair, however, has filed her disability discrimination claim pursuant to the wrong federal statute. Thus, she cannot prove any set of facts which would entitle her to relief under Title VII. As a result, the court will grant Wal-Mart's motion to dismiss pursuant to Rule 12(b)(6).

II. BACKGROUND

In November 2001, Blair was employed at Wal-Mart, in Georgetown, Delaware as a "people greeter." According to Blair, she suffered from a disability and needed to sit down frequently while performing her duties. In response to a request from Wal-Mart, Blair alleges that, on November 15, 2001, she brought a medical note to work from her physician, Dr. Mann, that explained why she needed to sit down frequently. After receiving the note, Wal-Mart allegedly informed Blair that she could sit down for that day, but that the job of a "people greeter" was performed while standing. Blair alleges that approximately fifteen to twenty minutes after she arrived home from work that same evening, she received a call from Wal-Mart informing her not to return to work until she could perform her job in the "right way." Blair has not attempted to return to work for Wal-Mart since the telephone conversation. Blair alleges that, at the time she was hired, Wal-Mart employed another "people greeter" who used a cane and sat in a wheelchair to perform her duties. Blair further alleges that her friends and family informed her that Wal-Mart still employs a "people greeter" who performs her duties in a wheelchair.

On July 15, 2003 Blair filed a complaint with the court, pursuant to Title VII, 42 U.S.C. § 2000(e) *et seq.,* alleging that Wal-Mart discriminated against her when it terminated her position because of her disability.

III. STANDARDS OF REVIEW [FN1]

> FN1. Because the plaintiff is a *pro se* litigant, the court has a special obligation to construe her complaint liberally. *Zilch v. Lucht,* 981 F.2d 694, 694 (3d Cir.1992) (citing *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)).

A. Rule 12(b)(1) Standard

A motion to dismiss under Rule 12(b)(1) challenges the jurisdiction of the court to address the merits of a plaintiff's complaint. A motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction can take two forms: it can attack the complaint on its face (facial attack), or it can attack the existence of subject matter jurisdiction in fact (factual attack). *Mortensen v. First Federal Savings and Loan,* 549 F.2d 884, 891 (3d Cir.1977). When reviewing a facial attack the court must consider the allegations of the complaint as true, making all reasonable inferences in the plaintiff's favor. *Id.* See also *Barrister v. Wendy's Int'l, Inc.,* 1993 WL 293896, *3 (E.D.Pa. July 30, 1993).

*2 When reviewing a factual attack, however, the court is free to weigh evidence outside the pleadings to resolve factual issues bearing on jurisdiction and to satisfy itself as to the existence of its power to hear the case. *Mortensen,* 549 F.2d at 891. Therefore, no presumptive truthfulness attaches to

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
(Cite as: 2004 WL 2283560, *2 (D.Del.))

Page 2

the plaintiff's allegations, and the existence of disputed material facts will not preclude the court from evaluating the merits of jurisdictional claims for itself. *Id.* The plaintiff bears the burden to prove that jurisdiction does in fact exist. *Id.* However, the plaintiff's burden is relatively light, since "dismissal for lack of jurisdiction is not appropriate merely because the legal theory alleged is probably false, but only because the right claimed is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as to not involve a federal controversy.' " *Kulick v. Pocono Downs Racing Ass'n,* 816 F.2d 895, 899 (3d Cir.1987) (quoting *Oneida Indian Nation v. County of Oneida,* 414 U.S. 661, 666, 94 S.Ct. 772, 39 L.Ed.2d 73 (1974)).

B. Rule 12(b)(6) Standard

In ruling on a motion to dismiss, the factual allegations of the complaint must be accepted as true. *See Graves v. Lowery,* 117 F.3d 723, 726 (3d Cir.1997); *Nami v. Fauver,* 82 F.3d 63, 65 (3d Cir.1996). Moreover, a court must view all reasonable inferences that may be drawn from the complaint in the light most favorable to the non-moving party. *See Jenkins v. McKeithen,* 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969); *Schrob v. Catterson,* 948 F.2d 1402, 1405 (3d Cir.1991). A court should dismiss a complaint "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *See Graves,* 117 F.3d at 726; *Nami,* 82 F.3d at 65 (both citing *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

IV. DISCUSSION

A. Rule 12(b)(1) Motion to Dismiss

"When a motion under Rule 12 is based on more than one ground, the court should consider the 12(b)(1) challenge first because if it must dismiss the complaint for lack of subject matter jurisdiction, all other defenses and objections become moot." *In Re Corestates Trust Fee Litigation,* 837 F.Supp. 104, 105 (E.D.Pa.1993), *aff'd* 39 F.3d 61 (3d Cir.1994). Therefore, the court will first turn its attention to the 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.

In its motion, Wal-Mart attacks Blair's complaint on facial grounds. Wal-Mart contends that Blair's complaint fails to aver any basis for jurisdiction because disability discrimination is not a cognizable claim under Title VII. While this is true, the court must construe Blair's complaint liberally because she is a *pro se* plaintiff. Blair's complaint was filed pursuant to Title VII, which creates a right of action for employment discrimination. However, disability is not a basis for a Title VII suit. Rather, the Americans with Disabilities Act (the "ADA"), 42 U.S.C. §§ 12101 *et seq.,* is the proper avenue for a plaintiff to seek relief for disability discrimination.

*3 Regardless, Blair's complaint states that the alleged discriminatory acts in her suit concern "discrimination against the disabled." (D.I. 2 ¶ 10). The pleading standard under the Federal Rules of Civil Procedure is generally liberal, and even more so for *pro se* plaintiffs. Thus, the court finds that it is not unreasonable to conclude that Blair is attempting to assert a disability discrimination claim against Wal-Mart, even though she has asserted the claim under the wrong statute. Because Title VII is a federal statute, the court has federal question jurisdiction over the dispute. For these reasons, the court concludes that Wal-Mart's facial attack on the court's subject matter jurisdiction is without merit. The court will, therefore, decline to dismiss the complaint pursuant to Rule 12(b)(1).

B. Rule 12(b)(6) Motion to Dismiss

The standard governing a Rule 12(b)(6) motion to dismiss for failure to state a claim is not as constrained as the standard for a Rule 12(b)(1) motion. *Kehr Packages, Inc. v. Fidelcor, Inc.,* 926 F.2d 1406, 1409 (3d Cir.1991). A federal claim being reviewed under Rule 12(b)(6) does not have to be "wholly insubstantial" to be dismissed. *Id.* Rather, a court should dismiss a complaint "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *See Graves,* 117 F.3d at 726. Wal-Mart seeks to dismiss Blair's complaint for failure to state a claim for the following reasons: (1) Blair's disability discrimination claim is not actionable under Title VII; (2) Blair failed to exhaust her administrative remedies; and (3) Blair's disability discrimination claim is time-barred. Although Blair's complaint cannot be dismissed for lack of subject matter jurisdiction, it fails the 12(b)(6) test.

Title VII prohibits an employer from discriminating

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
(Cite as: 2004 WL 2283560, *3 (D.Del.))

Page 3

against any individual on the basis of "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). "Disability is not among the enumerated bases for a Title VII suit, and therefore a claim for disability discrimination brought under Title VII cannot survive." *Diep v. Southwark Metal Mfg. Co.*, No. 00-6136, 2001 WL 283146, at *2 (E.D.Pa. Mar.19, 2001); *see also Brennan v. Nat'l Tel. Directory Corp.*, 881 F.Supp. 986, 997 (E.D.Pa.1995) (stating that "while Title VII prohibits discrimination based upon a person's 'race, color, religion, sex, or national origin' .... it does not prohibit disability discrimination. Thus, such claims are not cognizable under Title VII."). The proper avenue for a disability discrimination suit is the ADA, which explicitly provides a legal remedy for discrimination on the basis of disability. *Diep*, 2001 WL 283146, at *2 (citing U.S.C. § 12112(a)). Blair, however, has not filed a claim pursuant to the ADA. Instead, she has filed disability discrimination claim under Title VII. Because disability discrimination claims are not actionable under Title VII, Blair has failed to state a claim for which relief may be granted. The court, therefore, will grant Wal-Mart's motion to dismiss. [FN2]

> FN2. Since the court will grant Wal-Mart's motion to dismiss based on the ground that disability discriminations are not actionable under Title VII, the court need not consider Wal-Mart's other grounds for dismissal.

2004 WL 2283560 (D.Del.)

Motions, Pleadings and Filings (Back to top)

· 1:03CV00717 (Docket) (Jul. 15, 2003)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.