EXHIBIT 21
TO PLAINTIFFS' COMPENDIUM OF
UNREPORTED CASES TO THEIR ANSWERING
BRIEF IN OPPOSITION TO THE INDIVIDUAL
DEFENDANTS' MOTION TO DISMISS OR STAY

Not Reported in A.2d  
1975 WL 168027 (Del.Super.)  
(Cite as: 1975 WL 168027 (Del.Super.))

Page 55

Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

Superior Court of Delaware.
STERLING PROPERTIES, INC.
v.
Henry R. FOLSOM, Jr., et al.
No. 148 CIV.A.1975.

Argued: Oct. 10, 1975.
Decided: Oct. 24, 1975.

James M. Tunnell, Jr., Esquire, James F. Waehler, Esquire, Morris, Nichols, Arsht & Tunnell, Wilmington, for Plaintiff.

Joseph M. Bernstein, Esquire, New Castle County Department of Law, Wilmington, for Defendants.

BALICK, Associate J.

*1 Gentlemen:

This is the opinion on plaintiff's motion for summary judgment in this action for a writ of mandamus. Defendants agree that there is no issue as to any material fact.

Plaintiff is a developer whose land development plan was approved by the Department of Planning. Acting in accordance with a Record Plan Challenges Procedure, New Castle County Council did not approve the plan for recording. See 9 *Del. C.* § 3007(a). Plaintiff contends that approval by the Council is a ministerial act and that it should be directed to do so by issuance of a writ of mandamus. *Acierno v. Folsom,* Del.Supr., 337 A.2d 309 (1975). Defendants contend that the challenge procedure gives the Council discretion to raise questions and to adjudicate disagreements, as it did in this case, and that mandamus is therefore inappropriate.

In the *Acierno* case the Supreme Court held that once a plan has been approved by the Department, approval by the Council is a ministerial act, and said that the Council must revise its regulations if it wants to review approvals by the Department. It is not contended that the challenge procedure is part of the regulations. See 9 *Del. C.* §§ 3003, 3004. The status of the challenge procedure is unclear. It would appear that it is a rule of procedure at most. No authority is cited for the proposition that such a rule may be given effect in the face of regulations to the contrary.

Counsel may present an order for issuance of the writ.

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT 22
# TO PLAINTIFFS' COMPENDIUM OF UNREPORTED CASES TO THEIR ANSWERING BRIEF IN OPPOSITION TO THE INDIVIDUAL DEFENDANTS' MOTION TO DISMISS OR STAY

Not Reported in A.2d  
2004 WL 2419157 (Del.Super.)  
(Cite as: 2004 WL 2419157 (Del.Super.))

Page 9

Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

Superior Court of Delaware.  
WILMINGTON HOSPITALITY, LLC, a Delaware limited liability company, Plaintiff,  
v.  
NEW CASTLE COUNTY, a political subdivision of the State of Delaware, Defendant.  
No. Civ.A. 03C-07-213MMJ.

Issued Oct. 4, 2004.  
Revised Oct. 8, 2004.

Upon Plaintiff's Motion for Reargument. Denied.

*ORDER*

JOHNSTON, J.

*1 1. By Memorandum Opinion dated August 4, 2004, the Court considered Defendant's Motion to Dismiss. The Court dismissed Counts 1 and 3 of the Complaint. Counts 2 and 4 were retained and the Court outlined certain limited discovery that would be permitted with regard to the remaining counts. Plaintiff filed a Motion for Reargument of the Court's decision.

2. The purpose reargument is to permit reconsideration of findings of fact, conclusions of law, or judgments of law. [FN1] Reargument usually will be denied unless the moving party demonstrates that the Court overlooked a precedent or legal principle that would have a controlling effect, or that it misapprehended the law or the facts in a manner affecting the outcome of the decision. "A motion for reargument should not be used merely to rehash the arguments already decided by the court." [FN2]

> FN1. *Hessler, Inc. v. Farrell,* 260 A.2d 701, 702 (Del.1969).
>
> FN2. *Wilmington Trust Co. v. Nix,* Del.Super., 2002 WL 356371, Witham, J. (Feb. 21, 2002); *Whitsett v. Capital School District,* Del.Super., C.A. No. 97C-04-032, Vaughn, J. (Jan. 28, 1999); *Monsanto Co. v. Aetna Casualty & Surety Co.,* Del.Super., C.A. No. 88-JA-118, Ridgeley, P.J. (Jan. 14, 1994).

3. During oral argument on September 9, 2004, Defendant, Plaintiff and the Court agreed that the Court erroneously stated a fact in the August 4th Opinion. The Court stated: "It is undisputed that [Plaintiff] now has sold the property at issue to a third party." In fact, Plaintiff did not sell the property to a third party. Plaintiff executed a contract to sell the property. The agreement of sale was approved by the bankruptcy court. Plaintiff's lender subsequently took title to the property and sold it to a third party. Plaintiff conceded that Plaintiff received debt relief as a result of the lender's taking of title to the property.

4. Plaintiff argues that this factual misapprehension affects the outcome of the decision. The Court held: "In order to sustain a **claim** for **inverse condemnation**, [Plaintiff] must show that it has been deprived by [Defendant] of *all economic value* of the property by [Defendant's] zoning regulations. Even assuming for purposes of this decision that [Defendant's] actions prevented [Plaintiff] from ever opening the hotel, the property *a fortiori* retained some economic value as clearly evidenced by the recent sale ." Whether Plaintiff sold the property or received the economic benefit of debt relief does not affect the Court's ruling. Plaintiff was not deprived of all economic value because it was relieved of a portion of a substantial financial obligation.

5. Plaintiff further asserts that the Court misapprehended the law by finding that Plaintiff must demonstrate denial of all economically viable use of the property. Therefore, the case should not be dismissed. Instead, Plaintiff should be given the opportunity to present evidence to a finder of fact on the issue of the economic effect of Defendant's actions upon Plaintiff. This argument was made by Plaintiff in support of its Motion to Dismiss. The Court previously considered *Palazzolo v. Rhode Island,* [FN3] in which the United States Supreme Court held: "[A] regulation which denies all economically beneficial or productive use of land will require compensation under the Takings Clause.... Where a regulation places limitations on land that fall short of eliminating all economically beneficial use, a taking nonetheless may have occurred, depending on a complex of factors including the regulation's economic effect on the landowner, the extent to which the regulation interferes with reasonable investment-backed

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d  
(Cite as: 2004 WL 2419157, *1 (Del.Super.))

Page 10

expectations, and the character of the government action." [FN4]

>   FN3. 533 U.S. 606 (2001).

>   FN4. *Id.* at 617 (citing *Penn Central Transportation Co. v. New York City*, 438 U.S. 104, 124 (1978))

*2 6. As a matter of law, Plaintiff has failed to show the existence of a regulatory taking sufficient to require an evidentiary hearing for the purpose of consideration of the *Penn Central* factors. Plaintiff's cause of action is based upon the theory of a categorical or complete regulatory taking. In its Complaint, Plaintiff alleges that Defendant denied Plaintiff *"all economically viable use of the hotel property."* The law is clear that a categorical taking only occurs when there has been a complete elimination of value or a total loss. [FN5] Plaintiff has conceded that to the extent it received debt relief when it surrendered the property, it received some financial benefit.

>   FN5. *Tahoe-Sierra preservation Council, Inc. v. Tahoe Regional Planning Agency*, 535 U.S. 302, 330 (2002) (diminution in value of 95% not categorical taking); *Lucas v. S.C. Coastal Council*, 505 U.S. 1003, 1015 (1992); *Appolo Fuels, Inc. v. United States*, No. 03-5088 (Fed.Cir. Aug. 30, 2004).

7. Plaintiff has failed to demonstrate that the Court overlooked a precedent or legal principle that would have a controlling effect, or that it misapprehended the law or the facts in a manner affecting the outcome of the decision.

THEREFORE, the Plaintiff's Motion for Reargument is hereby DENIED.

2004 WL 2419157 (Del.Super.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.