IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FRANK E. ACIERNO, CHRISTIANA TOWN CENTER, LLC, a Delaware limited liability company, 395 ASSOCIATES, LLC, a Delaware limited liability company, ESTATE HOMES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>GEORGE O. HAGGERTY, individually and in his official capacity as Assistant General Manager of the New Castle County Department of Land Use SCOTT G. WILCOX, individually and in his official capacity as a First Assistant County Attorney, TIMOTHY P. MULLANEY, individually and in his capacity as New Castle County Attorney, CHARLES L. BAKER, individually and in his capacity as General Manager of the New Castle County Department of Land Use, JAMES H. EDWARDS, individually and in his capacity as Inspections Manager and Licensing Division Manager of the New Castle County Department of Land Use, and SHERRY L. FREEBERY, in her individual capacity as Chief Administrative Office of New Castle County, and NEW CASTLE COUNTY, a political subdivision of the State of Delaware,<br><br>Defendants. | Civil Action No. 04-1376 (KAJ) |

### DEFENDANT NEW CASTLE COUNTY'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS THE AMENDED COMPLAINT

OF COUNSEL:
Hamilton P. Fox, III
Gregory S. Smith
Carter L. Williams
SUTHERLAND ASBILL & BRENNAN LLP
1275 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202)-383-0100
*Attorneys for Defendant New Castle County*

Dennis J. Siebold (Del. Bar No. 751)
NCC DEPARTMENT OF LAW
87 Reads Way
New Castle, DE 19720
(302)-395-5130
*Acting County Attorney for New Castle County*

WO 384296.1

## TABLE OF CONTENTS

Page(s):

TABLE OF AUTHORITIES .................................................................................................. ii-v

OVERVIEW ................................................................................................................................1

    A.    Plaintiffs' Amended Complaint Must be Dismissed with Prejudice .........................2

    B.    Counts I and II Fail to State a Valid § 1983 Claim Against the County ..................4

        1.    The Claims Do Not Identify a County Policy or Custom.............................4

        2.    The Plaintiffs Do Not State a Claim for a Violation of Substantive Due Process .........................................................................................................5

        3.    The Plaintiffs Do Not State a Claim for a Violation of Procedural Due Process .........................................................................................................7

        4.    Count I Fails to State a Cognizable Claim for a Temporary Taking .............10

        5.    Plaintiffs Have Not Adequately Alleged an Equal Protection Claim ............13

    C.    Count III Fails to State a Valid Civil RICO Claim Against the County....................14

    D.    Counts IV and V Fail to State a Claim Against the County .......................................18

CONCLUSION..........................................................................................................................19

# TABLE OF AUTHORITIES

**Cases:**                                                                                                                   **Page(s):**

Abbiss v. Delaware Dep't of Transp., 712 F. Supp. 1159 (D. Del. 1989)..........................11, 12, 13

Acierno v. Cloutier, No. C.A. 92-385-SLR, 1993 WL 215133 (D. Del., filed June 9, 1993) ......................................................................................................................................9

Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970)..................................................................5

Andrews v. City of Philadelphia, 895 F.2d 1469 (3d Cir. 1990)................................................5

Appolo Fuels, Inc. v. United States, 381 F.3d 1338 (Fed. Cir. 2004) ......................................11

B.F. Hirsch v. Enright Refining Co., 751 F.2d 628 (3d Cir. 1984) ...........................................14

Bello v. Walker, 840 F.2d 1124 (3d Cir. 1988)......................................................................6, 9

Bernstein v. IDT Corp., 582 F. Supp. 1079 (D. Del. 1984)....................................................1 n.3

Bonavitacola Elec. Contractor, Inc. v. Boro Developers, Inc., 87 Fed. Appx. 227, 2003 WL 23155074 (3d Cir. 2003)...................................................................................................15

Brown v. Muhlenberg Township, 269 F.3d 205 (3d Cir. 2001) ..................................................4

Carr v. Town of Dewey Beach, 730 F. Supp. 591 (D. Del. 1990)...............................................9

City of St. Louis v. Praprotnik, 485 U.S. 112 (1988) ..................................................................4

Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542 (1985) .............................................10

Congregation Kol Ami v. Abington Township, 309 F.3d 120 (3d Cir. 2002)............................13

Cook County v. United States, 538 U.S. 119 (2003)............................................................2 n.8

Corneal v. Jackson Township, Huntington County, Pa., 313 F. Supp. 2d 457 (M.D. Pa. 2003), *aff'd mem.*, 94 Fed. Appx. 76 (3d Cir.), *cert. denied*, __ U.S. __, 125 S. Ct. 91 (2004) ........................................................................................................................7

Cox v. Administrator, United States Steel and Carnegie, 17 F.3d 1386 (11th Cir. 1994)..........1 n.3

Creative Environments, Inc. v. Estabrook, 680 F.2d 822 (1st Cir.), *cert. denied*, 459 U.S. 989 (1982) ........................................................................................................................7

Davis v. Mutual Life Ins. Co. of New York, 6 F.3d 367 (6th Cir. 1993) ................................1 n.3

DeBlasio v. Zoning Bd. of Adjustment, 53 F.3d 592 (3d Cir.), cert. denied, 516 U.S. 937 (1995) .................................................................................................................................9

Dover Historical Soc'y v. City of Dover Planning Comm'ns, 2004 WL 1790164, Witham, J. (Del. Super. 2004) ...............................................................................1 n.4

Eichenlaub v. Township of Indiana, 385 F.3d 274 (3d Cir. 2004) ...................................6, 13

First English Evangelical Church of Glendale v. County of Los Angeles, 482 U.S. 304 (1987) ..............................................................................................................2 n.7, 10

Foman v. Davis, 371 U.S. 178 (1962) .......................................................................................3

Gentry v. Resolution Trust Corp., 937 F.2d 899 (3d Cir. 1991) ............................2, 14, 18

Hackett v. Board of Adjustment of City of Rehobeth Beach, 794 A.2d 596, 598 (Del. 2002) .............................................................................................................1 n.4

Highway Materials, Inc. v. Whitemarsh Township, No. Civ. A. 02-3212, 2004 WL 2220974 (E.D. Pa. 2004, filed Oct. 4, 2004) ......................................................10

In re Burlington Coat Factory Securities Litig., 114 F.3d 1410 (3d Cir. 1997) ...................3

In re 244.5 Acres of Land, 808 A.2d 753 (Del. 2002) ...................................................2 n.7

Jeffreys v. Exten, 784 F. Supp. 146 (D. Del. 1992) ..........................................................1 n.6

John E. Long, Inc. v. Borough of Ringwood, 61 F. Supp. 2d 273 (D.N.J. 1998) ............8, 9

Leon N. Weiner & Associates, Inc. v. Krapf, 623 A.2d 1085 (D. Del. 1993) ..............1 n.2

Levin v. Upper Makefield Township, Bucks County, Pa., 90 Fed. Appx. 653, 2004 WL 449189 (3d Cir., filed Mar. 8, 2004), cert. denied, __ US__, 73 U.S.L.W. 3248 (2004) ....................................................................................................................................6

Lucas v. South Carolina Coastal Council, 505 U.S. 1003 (1992) .......................................11

McNally v. United States, 483 U.S. 350 (1987) ................................................................1 n.5

Midnight Sessions, Ltd. v. City of Philadelphia, 945 F.2d 667 (3d Cir. 1991) ........8, 9, 11

Monell v. Dep't of Social Services, 436 U.S. 658 (1978) ....................................................4, 5

OKI Semiconductor Co. v. Wells Fargo Bank, N.A., 298 F.3d 768 (9th Cir. 2002) ....1 n.3

Palazzolo v. Rhode Island, 533 U.S. 606 (2001) .................................................................. 2 n.7, 10

Parratt v. Taylor, 451 U.S. 527 (1981) .............................................................................................. 8

Penn. Cent. Transp. Co. v. City of New York, 438 U.S. 104, 130 (1978) ..................................... 11

Petro-Tech, Inc. v. Western Co. of North America, 824 F.2d 1349 (3d Cir. 1987) ....... 1, 14, 16, 17

Philadelphia Elec. Co. v. Hercules, Inc., 762 F.2d 303 (3d Cir. 1985) ...................................... 1 n.2

Reise v. Board of Building Appeals of City of Newark, 746 A.2d 271 (Del. 2000) .................. 1 n.4

Richmond v. Nationwide Cassel L.P., 52 F.3d 640 (7th Cir. 1995) ................................................ 15

Rochin v. California, 342 U.S. 165 (1952) ....................................................................................... 7

Rogin v. Bensalem Township, 616 F.2d 680 (3d Cir. 1980) .......................................................... 10

Rose v. Bartle, 871 F.2d 331 (3d Cir. 1989) ................................................................................ 1 n.1

Seville Indus. Machinery Corp. v. Southmost Machinery Corp., 742 F.2d 786 (3d Cir.
    1984) ........................................................................................................................................ 1 n.1

Tahoe-Sierra Preservation Council v. Tahoe Reg'l Planning Agency, 535 U.S. 302
    (2002) ........................................................................................................................................... 11

Thornbury Noble, Ltd. v. Thornbury Township, 112 Fed. Appx. 185, 2004 WL 2341811
    (3d Cir., filed Oct. 18, 2004) ......................................................................................................... 7

United Artists Theatre Circuit, Inc. v. Township of Warrington, PA, 316 F.3d 392 (3d
    Cir. 2003) ............................................................................................................................. 2, 6, 7

United States v. Paradies, 98 F.3d 1266 (11th Cir. 1996) .......................................................... 1 n.5

Village of Willoughbrook v. Olech, 528 U.S. 562 (2000) ............................................................... 13

Williamson County Reg'l Planning Comm'n v. Hamilton Bank of Johnson
    City, 473 U.S. 172 (1985) ......................................................................................................... 2 n.7

Young v. West Coast Indus. Relations Ass'n, Inc., 763 F. Supp. 64 (D. Del. 1991) .................. 1 n.1

**Statutes and Regulations:**

18 U.S.C.:
    § 1961(4) ....................................................................................................................................... 15
    § 1962(c) ....................................................................................................................................... 16

42 U.S.C. § 1983..................................................................................................4, 5

**Federal Rules of Civil Procedure:**
    12(b)(1) ......................................................................................................18
    12(b)(6) ......................................................................................................19
    41(a) ...........................................................................................................19

## OVERVIEW

Plaintiffs' Answering Brief is long on personal attacks and short on law. In their 45 pages, Plaintiffs cite to only 22 cases. Of these, five merely discuss Rule 12(b)(6) standards[1] or general principles about the right to freely use lands.[2] Four more are simply citations to opinions from other courts suggesting that perhaps *respondeat superior* can be used in civil RICO – decisions contrary to the Third Circuit's binding precedent in *Petro-Tech, Inc. v. Western Co. of North America*, 824 F.2d 1349 (3d Cir. 1987), another case which Plaintiffs therefore must cite in order to attempt to distinguish it.[3] Of Plaintiffs' remaining 12 citations, three discuss the rather obvious difference between a writ of certiorari and a direct appeal,[4] while three others make the undisputed points that mail fraud was statutorily extended to cover deprivation of honest services,[5] and that a RICO enterprise can be comprised of a combination of individuals.[6] Only in its discussion of the remaining six cases, on the issues of whether there was an

---

[1] *Rose v. Bartle*, 871 F.2d 331 (3d Cir. 1989); *Seville Indus. Machinery Corp. v. Southmost Machinery Corp.*, 742 F.2d 786 (3d Cir. 1984); *Young v. West Coast Indus. Relations Ass'n, Inc.*, 763 F. Supp. 64 (D. Del. 1991).

[2] *Philadelphia Elec. Co. v. Hercules, Inc.*, 762 F.2d 303 (3d Cir. 1985); *Leon N. Weiner & Associates, Inc. v. Krapf*, 623 A.2d 1085 (Del. 1993).

[3] Plaintiffs first cite to a 21-year old decision in *Bernstein v. IDT Corp.*, 582 F. Supp. 1079 (D. Del. 1984), which they later admit "has been brought into question by the Third Circuit" in *Petro-Tech*. Resp. Br. at 37. Plaintiffs then cite to three other Circuits, *Cox v. Administrator, United States Steel and Carnegie*, 17 F.3d 1386 (11th Cir. 1994); *Davis v. Mutual Life Ins. Co. of New York*, 6 F.3d 367 (6th Cir. 1993); *OKI Semiconductor Co. v. Wells Fargo Bank, N.A.*, 298 F.3d 768 (9th Cir. 2002), in an effort to suggest that the Third Circuit's *Petro-Tech* rule might be narrowed to allow *respondeat superior* when an employer benefited from a RICO employee's RICO violations.

[4] *Hackett v. Board of Adjustment of City of Rehobeth Beach*, 794 A.2d 596, 598 (Del. 2002); *Reise v. Board of Building Appeals of City of Newark*, 746 A.2d 271 (Del. 2000); *Dover Historical Soc'y v. City of Dover Planning Comm'n*, 2004 WL 1790164, Witham, J. (Del. 2004).

[5] *McNally v. United States*, 483 U.S. 350 (1987); *United States v. Paradies*, 98 F.3d 1266 (11th Cir. 1996).

[6] *Jeffreys v. Exten*, 784 F. Supp. 146 (D. Del. 1992).

unconstitutional "taking"[7] and on the Third Circuit's rule against municipal civil RICO liability established in *Gentry v. Resolution Trust Corp.*, 937 F.2d 899 (3d Cir. 1991), does the Answering Brief attempt any real legal analysis.

The limited legal analysis Plaintiffs do provide is hardly persuasive,[8] but more importantly, Plaintiffs fail even to engage the vast majority of issues raised in the County's original brief. On their substantive due process claim, for example, Plaintiffs never even cite to the ground-breaking case of *United Artists Theatre Circuit, Inc. v. Township of Warrington, PA*, 316 F.3d 392 (3d Cir. 2003), which rejected the old "improper motive" test in favor of a "shocks the conscience" standard. Further, Plaintiffs ignore the various cases cited by the County since *United Artists*, which reveal how land use disputes cannot possibly meet this test. On their procedural due process claim, Plaintiffs ignore the County's cited decisions in which courts already have declared the State of Delaware's post-deprivation judicial remedies to be adequate in this context. And on their equal protection claim, Plaintiffs remarkably fail to cite to a single case or legal authority in support of their arguments.

### A. Plaintiffs' Amended Complaint Must be Dismissed with Prejudice

Plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted and must be dismissed with prejudice. Plaintiffs recognize the infirmities of their Amended Complaint now pending before the Court, as evidenced by the fact that they attempted to file a Second Amended Complaint two weeks prior to filing their Answering Brief. The clerk rejected

---

[7] Plaintiff's "takings" cases are *First English Evangelical Lutheran Church of Glendale v. County of Los Angeles*, 482 U.S. 304 (1987); *In re 244.5 Acres of Land*, 808 A.2d 753 (Del. 2002); *Palazzolo v. Rhode Island*, 533 U.S. 606 (2001); *Williamson County Regional Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985). These cases are analyzed by the County in more detail below.

[8] For example, Plaintiffs claim that, "[w]ith all due respect to the Third Circuit Court of Appeals," *Gentry* has been called into doubt by *Cook County v. United States*, 538 U.S. 119 (2003). Plaintiffs' bow to controlling precedent is prefatory to inviting this Court not to follow that precedent.

Plaintiffs' filing since it was filed without the required meet and confer statement. The Court's deficiency notice has since been corrected, and Plaintiffs' motion for leave to amend has been filed, and remains pending. In a procedural anomaly, the Plaintiffs' Answering Brief appears to be based on the assumption not only that the motion for leave has been filed, but also that it has been granted. Nevertheless, even the Second Amended Complaint does not address many of the inadequacies of the first Amended Complaint, which the County and the individual defendants pointed out in their motions to dismiss filed over two months prior to the Second Amended Complaint. For example, the Second Amended Complaint does not allege as part of its substantive due process claim that the conduct of the defendants shocks the conscience. Plaintiffs recognize this and in their Answering Brief repeatedly ask the Court to grant them leave to amend yet again if it finds the Second Amended Complaint insufficient in this and other regards. Plaintiffs should have fixed these inadequacies, if they were able to do so, when they amended their Complaint a second time, and should not be given unlimited opportunities to amend.

The County's opposition to Plaintiff's motion for leave to amend will be set forth in detail in a subsequent pleading. Among the grounds that would justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Here, it is obvious that, even with leave to amend, Plaintiffs cannot state a claim upon which relief may be granted, and thus leave to amend would be futile. *See In re Burlington Coat Factory Securities Litig.*, 114 F.3d 1410 (3d Cir. 1997) ('Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted.). No amended complaint can circumvent the fact that Plaintiffs' only theory of § 1983 liability is improperly based on *respondeat superior*; that its substantive due process claim cannot meet the

"shocks the conscience" test; that the state procedures for review of zoning and land use decisions have been found to comply with due process; that the delays inherent in the regulatory process cannot equate to a temporary taking; that they cannot allege different treatment for similarly situated persons in order to make out an equal protection claim; and that their RICO theory fails because they cannot allege a RICO enterprise.

### B. Counts I and II Fail to State a Valid § 1983 Claim Against the County

#### 1. The Claims Do Not Identify a County Policy or Custom

Municipal liability under 42 U.S.C. § 1983 can exist only if a constitutional injury resulted from the execution or implementation of the County's policy or custom. *See Monell v. Dep't of Social Services*, 436 U.S. 658, 663 n.7 (1978). In response, Plaintiffs essentially argue that the behavior of several officials in preventing Acierno from developing a handful of projects constitutes a County policy or custom. However, it is clear that Plaintiffs cannot establish a policy. The Supreme Court of the United States has defined "policy" in the § 1983 context as "'policy statement, ordinance, regulation, or decision officially adopted and promulgated by the body's officer.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121 (1988) (quoting *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 663 n.7 (1978)). Plaintiffs have not identified any officially-adopted statement, ordinance, regulation, or decision pertaining to an attempt to deprive Plaintiffs' rights. Thus, they have not alleged a County "policy" that caused their injuries.

As a fall-back, Plaintiffs assert that "the action of some of the highest level officials in the County government ... certainly satisfies the 'custom' requirement." Clearly, Plaintiffs misunderstand the meaning of custom and the basis of municipal liability under § 1983. First, the Third Circuit has held that "for § 1983 purposes [custom] 'must have the force of law by virtue of the persistent practices of state officials.'" *Brown v. Muhlenberg Township*, 269 F.3d

205, 215 (3d Cir. 2001) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167 (1970)); *see also Monell*, 436 U.S. at 691 (defining custom as "'practices so well settled' as to 'virtually constitute law'"); *Andrews v. City of Philadephia*, 895 F.2d 1469, 1481 (3d Cir. 1990) (same). Plaintiffs' complaints about "the action of some of the highest level officials in County government" clearly do not reach this threshold.

Moreover, such complaints evidence Plaintiffs' misconception about the bases for municipal liability under § 1983. Plaintiffs cannot establish policy or custom and instead attempt to pursue liability under a *respondeat superior* theory. The Answering Brief makes this explicit with statements such as "[t]he actions were undertaken by County officials under the cloak of their official County duties, thereby implicating the County." Answering Brief at 26. Plaintiffs' own description of the basis for their § 1983 claims contravenes *Monell*'s clear rule that a municipality cannot be held liable for a § 1983 violation on the basis of *respondeat superior*. *See Monell*, 436 U.S. at 663 n.7.

If the Court agrees that Plaintiffs are suing the County based on *respondeat superior* and have not pled and cannot adequately identify any applicable County policy or custom responsible for a constitutional violation, the § 1983 count must be dismissed, and the Court need not concern itself with the other deficiencies of the complaint, i.e., the failure to plead adequately substantive due process, procedural due process, temporary taking, or equal protection.

### 2. The Plaintiffs Do Not State a Claim for a Violation of Substantive Due Process

In arguing that Plaintiffs have pled a valid substantive due process claim, the Answering Brief misquotes the County's Opening Brief and reveals Plaintiffs' misunderstanding of applicable law. First, Plaintiffs misquote the County's Opening Brief as conceding that the "shocks the conscience" standard "has only been adopted generally and not specifically in the

realm of land use cases." Answering Brief at 27. Instead, what the County actually stated was that the *United Artists* court adopted the "shocks the conscience" standard generally *and* "specified that '[t]here is no reason why land use cases should be treated differently.'" Opening Brief at 9 (quoting *United Artists*, 316 F.3d at 401).

Beyond misquoting the County's brief, Plaintiffs also reveal their continuing misunderstanding of Third Circuit law. First, they assert that the "improper motive" test applies in land use cases. *See* Answering Brief at 27. This assertion ignores the Third Circuit's holding in *United Artists*, which stated that the shocks the conscience standard is the correct standard in land use cases and overruled *Bello v. Walker*, 840 F.2d 1124 (3d Cir. 1988) (applying "improper motive" standard), and its progeny. In addition to not knowing the correct standard, Plaintiffs reveal that they do not know the difference between the two standards. Plaintiffs state, "If it is just the question of not incanting the appropriate magical words (i.e. 'shocks the conscience'), then the Court should allow Acierno leave of Court to amend his Complaint accordingly." Answering Brief at 27. The Third Circuit has made it obvious that the difference between these standards is far greater than the presence or absence of magic words. *See United Artists*, 316 F.3d at 400 (distinguishing the *Bello* line of cases as endorsing "a much less demanding 'improper motive' test for governmental behavior."). Plaintiffs' allegations are no more "shocking" than in the land use case of *Levin v. Upper Makefield Township, Bucks County, Pa.*, 90 Fed. Appx. 653, 2004 WL 449189 (3d Cir., filed Mar. 8, 2004), *cert. denied*, __ U.S. __, 73 U.S.L.W. 3248 (2004) – or the land use case of *Eichenlaub v. Township of Indiana*, 385 F.3d 274 (3d Cir. 2004), where the dismissal of a due process claim was affirmed.

Like Plaintiffs' misunderstanding of the law, their argument that the conduct alleged satisfies the shocks the conscience standard is transparent. Plaintiffs' complaints of a handful of

zoning and code disputes simply do not compare with cases where courts have found conduct to violate this high threshold. *See, e.g. Rochin v. California*, 342 U.S. 165, 172-73 (1952) (finding forced pumping of a suspect's stomach to violate substantive due process); *Thornbury Noble, Ltd. v. Thornbury Township*, 112 Fed. Appx. 185, 2004 WL 2341811 (3d Cir., filed Oct. 18, 2004) (noting how conscience-shocking actions would violate the "decencies of civilized society"). Indeed, in *Corneal v. Jackson Township, Huntington County, Pa.*, 313 F. Supp. 2d 457 (M.D. Pa. 2003), *aff'd mem.*, 94 Fed. Appx. 76 (3d Cir.), *cert. denied*, __ U.S. __, 125 S. Ct. 91 (2004), the court suggested that only one land use case *in history* had ever survived beyond summary judgment under a "shocks the conscience" analysis.

Moreover, if Plaintiffs are correct, any developer who prevails in a series of zoning and code disputes, which Acierno has not even done, could claim that the county's errors shock the conscience. Such a situation is clearly not the law. As the First Circuit stated in *Creative Environments, Inc. v. Estabrook*, 680 F.2d 822, 833 (1st Cir. 1982), "[e]very appeal by a disappointed developer from an adverse ruling by the local [] planning board necessarily involves some claim" of abuse of "legal authority," but "[i]t is not enough simply to give these state law claims constitutional labels such as 'due process' or 'equal protection' in order to raise a substantial federal question under section 1983." *Estabrook*, 680 F.2d at 833. Likewise, as stated in *United Artists*, "Land-use decisions are matters of local concern and such disputes should not be transformed into substantive due process claims based only on allegations that government officials acted with 'improper' motives." *United Artists*, 316 F.3d at 402.

### 3. The Plaintiffs Do Not State a Claim for a Violation of Procedural Due Process

To establish a procedural due process claim, Plaintiffs must allege not only a deprivation of a property right, but also that the state's appellate procedures for challenging that deprivation

fail to afford the litigant the process that he is due. Here, neither the first nor the Second Amended Complaint alleges such failure, and previous cases cited by the County reveal that Courts have previously found Delaware's appellate procedures to be adequate.

In their Answering Brief, Plaintiffs complain that "there is no direct right of appeal from the New Castle County Planning Board or the New Castle County License Inspection and Review Board under the Delaware Code." Answering Brief at 29. Plaintiffs complain that some of their appellate remedies are limited to seeking a *writ of certiorari*, which rarely succeeds. Such allegations fall far short of establishing that the Delaware procedures for challenging the deprivation of a protected property interest do not satisfy the requirements of procedural due process. Moreover, neither the first nor the Second Amended Complaint contains allegations that the Delaware state procedures for challenging the county's administrative proceedings are constitutionally defective.

The law is well-settled that plaintiffs must make such allegations in order to state a claim for a violation of procedural due process. As the Third Circuit has noted, "[t]he availability of a full judicial mechanism to challenge the administrative decision to deny an application, even an application that was wrongly decided, preclude[s] a determination that the decision was made pursuant to a constitutionally defective procedure." *Midnight Sessions Ltd. v. City of Philadelphia*, 945 F.2d 667, 681 (3d Cir. 1991). *See also John E. Long, Inc. v. Borough of Ringwood*, 61 F. Supp. 2d 273, 278 (D.N.J. 1998), *aff'd mem.*, 213 F.3d 628 (3d Cir. 2000) ("In order to establish a violation of procedural due process rights under the Fourteenth Amendment, a plaintiff, in addition to proving that a person acting under color of state law deprived it of a protected property interest, must establish that the state procedure for challenging the deprivation does not satisfy the requirements of procedural due process.") (citing *Parratt v. Taylor*, 451 U.S.

527, 537 (1981); *DeBlasio v. Zoning Bd. of Adjustment*, 53 F.3d 592, 596-97 (3d Cir. 1995); *Midnight Sessions*, 945 F.2d at 680; *Rogin v. Bensalem Township*, 616 F.2d 680, 694 (3d Cir. 1980)). Thus, to establish a procedural due process claim, a plaintiff must "set forth any behavioral or structural allegations from which [the court] can infer that [the] process was unconstitutional." *Rogin*, 616 F.2d at 694.

It is clear that Plaintiffs are unable to make such claims since in analogous contexts – including in one case involving Mr. Acierno – this Court has already recognized generally the adequacy of Delaware's judicial review procedures. *See Acierno v. Cloutier*, No. 92-385-SLR, 1993 WL 215133, at *24 (D. Del., filed June 9, 1993) ("Plaintiff ... does not dispute defendants' contention that the Delaware state courts may provide an adequate post-deprivation judicial mechanism for challenging defendants' deprivation of his property interests."), *rev'd on other grounds*, 40 F.3d 597 (3d Cir. 1994); *Carr v. Town of Dewey Beach*, 730 F. Supp. 591, 611 (D. Del. 1990) ("Delaware law provides ample opportunity to challenge the issuance of stop work letters. Those aggrieved by the decision of an administrative official's action enforcing the zoning or building code may appeal the decision to the Board of Adjustment and then to the Delaware Superior Court.... Since meaningful review of [the City official's] decision ... was available to plaintiff, Carr's procedural due process claim is without merit."). *See John E. Long, Inc.*, 61 F. Supp. 2d at 279 ("when a state affords a full judicial process in which a party may challenge the administrative decision in question, the state has provided adequate procedural due process whether or not the aggrieved party has availed itself of the provided appeal process") (citing *DeBlasio*, 53 F.3d at 597; *Midnight Sessions*, 945 F.2d at 682). *See also Bello v. Walker*, 840 F.2d 1124, 1128 (3d Cir. 1988), *overruled on other grounds by United Artists, supra*) ("It is the law in this Circuit that a state provides adequate due process when it provides reasonable