## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FRANK E. ACIERNO, CHRISTIANA TOWN CENTER, LLC, a Delaware limited liability company, 395 ASSOCIATES, LLC, a Delaware limited liability company, ESTATE HOMES, INC., a Delaware corporation, | ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) )     C.A. No.  04-1376 ) |
| GEORGE O. HAGGERTY, individually and in his official capacity as Assistant General Manager of the New Castle County Department of Land Use, SCOTT G. WILCOX, individually and in his official capacity as a First Assistant County Attorney, TIMOTHY P. MULLANEY, individually and in his capacity as New Castle County Attorney, CHARLES L. BAKER, individually and in his capacity as General Manager of the New Castle County Department of Land Use, JAMES H. EDWARDS individually and in his capacity as Inspections Manager and Licensing Division Manager of the New Castle County Department of Land Use, and SHERRY L. FREEBERY, in her individual capacity as Chief Administrative Officer of New Castle County, and NEW CASTLE COUNTY, a political subdivision of the State of Delaware, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## COMPENDIUM OF UNREPORTED CASES FOR THE INDIVIDUAL DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS OR TO STAY THE PROCEEDINGS

Vol 2 (Tabs 3-6)

3

Westlaw.

Not Reported in A.2d
1991 WL 113632 (Del.Super.)
(Cite as: 1991 WL 113632 (Del.Super.))

Page 1

**H**
Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT
RULES BEFORE CITING.

Superior Court of Delaware, Sussex County.
Joseph P. CARDILLO and Rita L. Cardillo, his wife,
Plaintiffs,
v.
The COUNCIL OF SOUTH BETHANY, the
Planning and Zoning Commission of South
Bethany and the Members of the Town Council, in
their individual and official
capacities and the Members of the Planning &
Zoning Commission, in their
official and individual capacities, Defendants.
Civ. A. Nos. 86A-NO2, 86C-OC23 and 86M-OC8.

Submitted: June 5, 1991.
Decided: June 11, 1991.

Plaintiffs' Motion for Reargument or
Reconsideration and Motion to Alter or Amend the
Judgment--denied.

Althea E. McDowell, Sergovic & Ellis, P.A.,
Georgetown, for plaintiffs.

Tempe Brownell Steen, Tunnell & Raysor,
Georgetown, for defendants.

MEMORANDUM OPINION

LEE, Judge.

*1 This is my decision on plaintiffs', Joseph P. and
Rita L. Cardillo, Motion for Reargument or
Reconsideration and Motion to Alter or Amend
Judgment.

On May 24, 1991, in a Memorandum Opinion, this
Court granted in part and denied in part plaintiffs'
Motion for Summary Judgment, and likewise granted
in part and denied in part defendants' Motion for
Summary Judgment. Defendants, the Town
Planning Commission and Town Council, denied
plaintiffs' application to subdivide Lot 104 in York
Beach in the Town of South Bethany, Sussex County,

Delaware. The reason given was that the plan failed
to meet the lot width and setback requirements of the
Town's Zoning Ordinance as construed by the
Commission and Council. Plaintiffs appealed that
decision to this Court and sought damages under 42
U.S.C. § § 1981, 1982 and 1983 for violations of
their constitutional due process rights and under 29
Del.C. § 9504 for inverse condemnation.

This Court ruled that the Town misconstrued its
zoning ordinance, and that, when given its proper
construction, plaintiffs' subdivision plan did meet the
lot width and setback requirements of the zoning
ordinance. However, this Court also ruled, based on
the case of Goldberg v. City of Rehoboth Beach,
Del.Super., 565 A.2d 936 (1989), that the plaintiffs
were not entitled to any monetary damages.

On May 31, 1991, plaintiff filed this Motion for
Reargument or Reconsideration and a Motion to
Alter or Amend the Judgment seeking a
determination favorable to plaintiffs on the damage
issue. This is my decision on that motion.

First, it is clear that plaintiffs have no cause of action
under 42 U.S.C. § § 1981 and 1982. Plaintiffs have
never alleged any equal protection violation with
which those two sections were designed to deal.
Harris v. Norfolk & W. Ry. Co., C.A.Mo., 616 F.2d
377 (1980).

The only constitutional violation plaintiffs have
alleged is that they did not receive procedural due
process from the Town when it denied their
application to subdivide. This is a cause of action
sounding under 42 U.S.C. § 1983. However, it is
clear that plaintiffs' procedural due process rights
were not violated, and therefore, they have no claim
under § 1983.

As stated in Goldberg, plaintiffs' expectation of
approval of their subdivision plan is a property
interest protected by procedural due process.
Goldberg at 942. The Court may then consider
whether the plaintiffs were deprived of this property
interest without procedural due process. Id.

The following procedures have been identified as
elements of due process, any or all of which may be
required in a given situation: (1) notice of the basis
of the governmental action; (2) a neutral arbiter; (3)

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d
1991 WL 113632 (Del.Super.)
**(Cite as: 1991 WL 113632 (Del.Super.))**

Page 2

an opportunity to make an oral presentation; (4) a means of presenting evidence; (5) an opportunity to cross-examine witnesses or to respond to written evidence; (6) the right to be represented by counsel; and (7) a decision based on the record with a statement of reasons for the result. _Rogin v. Bensalem Township,_ 3rd Cir., 616 F.2d 680, 694 (1980), cert. denied, _Mark-Garner Assoc., Inc. v. Bensalem Township,_ 450 U.S. 1029; 101 S.Ct. 1737; 68 L.Ed.2d 223 (1981).

**\*2** It is clear that plaintiffs were accorded all of these procedural safeguards. After proper notice, plaintiffs received several hearings before the Planning Commission and Town Council at which time they were represented by counsel, made oral presentations, presented written evidence in support of their position, responded to the concerns of the members of the Commission and Council, and received a decision based on the record and the reasons for which were clearly articulated. Nothing in the record indicates that the members of the Town's Planning Commission and Council were acting as anything but neutral arbiters. There were no fundamental procedural irregularities.

Plaintiff disputes this last point. Plaintiff claims that members of the Commission and Council created a "new rule" during the hearing process which they then used to deny plaintiffs' subdivision application. Plaintiffs seem to be arguing that the Town somehow amended its ordinance without following the proper procedures for doing so. Hence, when the Commission and Council applied this "new rule" to deny plaintiffs' plan, they denied plaintiff procedural due process. This argument is without merit.

The Town Commissioners and Council members were simply interpreting the language in their zoning ordinance. No "new rule" was created. They applied the Town's ordinance to the subdivision application as they, in good faith, construed it. The interpretation given to the ordinance by the Town had a firm basis in the language of that ordinance. The only problem with it was that there was another reasonable interpretation, adopted by this Court, which favored the free use of land. _The Commissioners of Bellefonte v. Coppola,_ Del.Ch., C.A. No. 6005, Brown, V.C. (March 2, 1982); _Mergenthaler v. State,_ Del.Supr., 293 A.2d 287 (1972). This Court's ruling on that issue does not constitute a finding that plaintiffs were denied due process.

Plaintiffs' claim for damages for inverse condemnation under 29 Del.C. § 9504 is also without merit. Plaintiffs contend that by denying plaintiffs' subdivision application, the Town had "taken" two of the three possible building lots proposed in the subdivision plan. Plaintiffs, therefore, seek damages in the amount of the value of their property as three building lots, less its value as one building lot.

However, "[t]raditional ' "taking" jurisprudence does not divide a single parcel into discrete segments and attempt to determine whether rights in a particular segment have been entirely abrogated.' " _Goldberg_ at 944-45; quoting _Penn Central Transportation Co. v. New York City,_ 438 U.S. 104, 130; 98 S.Ct. 2646; 57 L.Ed.2d 631 (1978). The focus is on the character of the government action and on the nature and extent of the interference with rights in the parcel _as a whole. Id._ at 130-131. In this case, as in _Goldberg,_ the government action complained of was simply a denial of a request to subdivide. "The use and value of the property as a whole did not change as a result of the [Town's] action." _Goldberg_ at 945. In fact, the record indicates that the value of the property as a whole has increased over threefold since plaintiffs purchased it. Accordingly, no taking by the Town occurred. _Id._

**\*3** For the above reasons, plaintiffs' Motion for Reargument or Reconsideration and Motion to Alter or Amend the Judgment is hereby denied.

IT IS SO ORDERED.

1991 WL 113632 (Del.Super.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

4

Westlaw.

Slip Copy
2004 WL 2921830 (Del.Supr.)
**Unpublished Disposition**
**(Cite as: 2004 WL 2921830 (Del.Supr.))**

Page 1

**H**
Only the Westlaw citation is currently available.

NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION IN THE PERMANENT LAW REPORTS. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL.

NOTE: THIS OPINION WILL NOT BE PUBLISHED IN A PRINTED VOLUME. THE DISPOSITION WILL APPEAR IN A REPORTER TABLE.


Supreme Court of Delaware.

CHRISTIANA TOWN CENTER, LLC, a Delaware limited liability company, Plaintiff--
Below Appellant,
v.
NEW CASTLE COUNTY, a political subdivision of the State of Delaware, New Castle
County Board of License, Inspection & Review, And New Castle County Department
of Land Use, Defendant--Below Appellees.

No. 3342004.

Submitted Nov. 9, 2004.
Decided Dec. 16, 2004.
Court Below: Superior Court of the State of Delaware in and for New Castle County, C.A. No. 03A-07-008.

Before HOLLAND, BERGER and RIDGELY, Justices.

ORDER

*1 This 16th day of December, 2004, on consideration of the briefs of the parties, it appears to the Court that:

(1) Christiana Town Center, LLC ("Christiana") appeals a decision of the Superior Court denying its petition for writ of certiorari to review a decision of the New Castle County Board of License, Inspection and Review (the "Board"). Christiana claims that the trial judge erred by: (i) failing to reverse the Board's decision where the Board failed to state on the record the bases for its decision; (ii) incorrectly applying a substantial evidence standard of review to a common law certiorari proceeding; (iii) denying certiorari review because Christiana was not given reasonable time to bring its job site into compliance as required by the County Drainage Code; (iv) denying certiorari review because the County failed to provide Christiana sufficient advance notice for a rule to show cause hearing (the "RTC hearing"); and (v) denying certiorari review because the County imposed monetary fines without first proving that Christiana intentionally violated the County Drainage Code. We find that the Board sufficiently stated the bases for its decision and the trial judge committed no legal error in denying certiorari review. Accordingly, we affirm.

(2) Christiana owns approximately seventy acres of land in New Castle County, at the intersection of Main Street and Delaware Route 273. The land is zoned "CR" (Commercial Regional) and is approved for the development of 452,842 square feet of commercial space for a shopping center pursuant to a record re-subdivision plan approved by the County.

(3) A series of violations have been at issue on this property. On March 7, 2002, the Department of Land Use (the "Department") issued a stop work order to Christiana resulting from nine alleged violations of the Delaware Sediment and Stormwater Regulations and the New Castle County Drainage Code. The Department subsequently held four RTC hearings to address the progress made by Christiana on directives found on its violation notices as well as the prior RTC decisions. After the fourth RTC hearing, on January 9, 2003, a decision was made directing Christiana to pay $500 per day until a revised erosion and sediment control plan was submitted and the job site was brought into compliance. This decision further held that if

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
2004 WL 2921830 (Del.Supr.)
**Unpublished Disposition**
**(Cite as: 2004 WL 2921830 (Del.Supr.))**

Christiana did not comply by January 19, 2003, the fine would increase to $1,000 per day, and if Christiana did not comply by January 24, 2003, the Department would stop all work at the job site.

(4) On January 9, 2003, the Department met on the job site with Christiana to discuss the existing violations in addition to newly discovered violations. On January 15, 2003, the Department issued another violation notice to Christiana. This notice cited twenty-seven violations of the County Drainage Code at the job site, including eighteen new violations and nine outstanding violations. On January 24, 2003, a RTC hearing was held at which time the parties reviewed the alleged violations. On January 30, 2003, the Department issued its written decision finding Christina in violation of the County Drainage Code and imposing monetary fines.

**\*2** (5) Christiana appealed the Department's decision to the Board. After a hearing, the Board issued its written opinion affirming the decision of the Department. The Board held that "[t]he Department's actions were taken pursuant to law, and were not arbitrary or capricious." [FN1] Christiana thereafter sought review of the Board's decision through a petition for writ of certiorari filed in the Superior Court. The County filed a motion to dismiss the petition because of its premature filing. The trial judge agreed and granted the County's motion, but granted Christiana leave to refile. Christiana refiled a petition for writ of certiorari in the Superior Court; however, the trial judge denied Christiana's petition. This appeal followed.

> FN1. Christiana Town Center, LLC, Application No. 03-0001-LIRB, at 3 (New Castle County Board of License, Inspection and Review Apr. 17, 2003).

(6) A writ of certiorari "invokes one of the oldest common law writs," and "its origins are obscure in the history of medieval England...." [FN2] The purpose of the writ is to permit a higher court to review the conduct of a lower tribunal of record. [FN3] Review on certiorari is not the same as review on appeal because review on certiorari is on the record and the reviewing court may not weigh evidence or review the lower

tribunal's factual findings. [FN4] The reviewing court does not consider the case on its merits; rather, it considers the record to determine whether the lower tribunal exceeded its jurisdiction, committed errors of law, or proceeded irregularly. [FN5] A decision will be reversed on jurisdiction grounds only if the record fails to show that the matter was within the lower tribunal's personal and subject matter jurisdiction. [FN6] A decision will be reversed for an error of law committed by the lower tribunal when the record affirmatively shows that the lower tribunal has "proceeded illegally or manifestly contrary to law." [FN7] A decision will be reversed for irregularities of proceedings if the lower tribunal failed to create an adequate record to review. [FN8]

> FN2. *Shoemaker v. State,* 375 A.2d 431, 436-37 (Del.1977) (citations omitted).

> FN3. *Id.*

> FN4. *Reise v. Board of Bldg. Appeals of the City of Newark,* 746 A.2d 271, 274 (Del.2000) (citing *In the Matter of Butler,* 609 A .2d 1080, 1081 (Del.1992)).

> FN5. *Id.* (citing Woolley, Delaware Practice, Volume I, § 896).

> FN6. Woolley, Delaware Practice, Volume I, § 921

> FN7. *Id.* at § 939.

> FN8. *Id.* at § 923.

(7) We will address the issues raised in the order Christiana presented them. Christiana first argues that because the Board failed to state the reasons for its decision, we should reverse the Board's decision and remand it for a new hearing. Christiana's argument is not persuasive. "It is settled law that a quasi-judicial tribunal must state the basis for its decision, in order to allow judicial review." [FN9] The present record shows that the Board, in its written opinion, did in fact outline the reasons for its vote and explicitly ruled

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
2004 WL 2921830 (Del.Supr.)
**Unpublished Disposition**
**(Cite as: 2004 WL 2921830 (Del.Supr.))**

Page 3

against each of Christiana's arguments. Thus, the Board's decision need not be reversed on this ground.

> FN9. *Reise,* 746 A.2d at 274 (citing *Tate v. Miles,* 503 A.2d 187 (Del.1986)).

(8) Christiana also maintains that the trial judge erred in using a substantial evidence standard in a common law certiorari proceeding. The present record shows that the trial judge properly cited the correct standard of review in his decision. [FN10] The trial judge did, however, make several references to the phrase substantial evidence. Because substantial evidence review is more rigorous than review on certiorari, Christiana benefited from any erroneous reference made by the trial judge to this standard. Reversal is not warranted on the ground that the trial judge applied the incorrect standard of review in analyzing Christiana's petition for writ of certiorari.

> FN10. *Christiana Town Center, LLC v. New Castle County,* No.CIV.A. 03A-07-008, 2004 Del.Super. LEXIS 209, at *6-*7 (Del.Super.Ct. July 7, 2004).

*3 (9) Christiana next contends that because the Department failed to give it reasonable time to comply with the job site violations as was required by the County Drainage Code, it is entitled to redress under the Fourteenth Amendment of the United States Constitution and Article I, Section 9 of the Delaware Constitution. Christiana asserts that the Department only provided it with nine calendar days (and seven business days) to comply with the Drainage Code violations after the violation notice was issued. Christiana also claims that during this period of time it experienced adverse job site conditions resulting from extreme weather caused by freezing rain and precipitation. We conclude that the argument advanced by Christiana is not an argument appropriate for certiorari review. It does not concern an error of law, an irregularity in the proceedings or a jurisdictional issue. Thus, the trial judge did not err by denying Christiana's petition for certiorari review.

(10) Christiana next argues that the Department failed

to provide it with adequate notice for the RTC hearing, thereby violating its due process rights. Christiana asserts that the Department only provided one days notice for the January 24, 2003 RTC hearing. We find Christiana's argument unpersuasive. Administrative proceedings "require adequate notice to all concerned; a full opportunity to be heard by any person potentially aggrieved by the outcome; a decision which reflects the reasons underlying the result and, most importantly, an adherence to the statutory or decisional standards then controlling. Only when the administrative process affords these fundamental protections will the result receive judicial deference." [FN11] In addition, a party "has the right to notice and a hearing in a meaningful time and a meaningful manner." [FN12] The Fifth and Fourteenth Amendments of the United States Constitution and Article I, Sections 7 and 9 of the Delaware Constitution require this. [FN13] However, these due process rights are subject to waiver. [FN14] "[A] valid waiver must be voluntarily, knowingly and intelligently made" [FN15] or it must be "an intentional relinquishment or abandonment of a known right or privilege." [FN16] "The validity of a waiver depends upon the totality of the circumstances." [FN17] In this case, the record shows that Christiana voluntarily, knowing and intelligently waived its due process rights to adequate notice of the RTC hearing by failing to object to the inadequate notice at the actual hearing.

> FN11. *County Council of Sussex County v. Green,* 516 A.2d 480, 481 (Del.1986).

> FN12. *Formosa Plastics Corp. v. Wilson,* 504 A.2d 1083, 1089 (Del.1986) (*Fuentes v. Shevin,* 407 U.S. 67, 80 (1972)).

> FN13. *Id.* at 1089-90.

> FN14. *Mazik v. Decision Making, Inc.,* 449 A.2d 202, 204 (Del.1982) (citing *D.H. Overmyer Co., Inc. v. Frick,* 405 U.S. 174 (1972); *Boddie v. Connecticut,* 401 U.S. 371 (1971)).

> FN15. *Id.* (citing *Overmyer,* 405 U.S. at 186).

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
2004 WL 2921830 (Del.Supr.)
**Unpublished Disposition**
**(Cite as: 2004 WL 2921830 (Del.Supr.))**

FN16. *Overmyer,* 405 U.S. at 186 (quoting *Johnson v. Zerbst,* 304 U.S. 458, 464 (1938)).

FN17. *Mazik,* 449 A.2d at 204 (citing *Zerbst,* 304 U.S. at 464).

(11) Christiana's final argument is that the trial judge erred by denying certiorari review because the Department presented no evidence that Christiana intentionally violated the Drainage Code so as to justify the fines imposed. We find that Christiana's argument is not persuasive. Here, the Board made a factual finding that Christiana acted intentionally by failing to comply with prior penalty directives in the March 2002 RTC decision. This was a factual determination made by the Board, which shall not be disturbed upon certiorari review. [FN18] Therefore, the trial judge was correct in his decision to deny Christiana's petition for certiorari review.

FN18. *Butler,* 609 A.2d at 1081.

*4 NOW THEREFORE, IT IS SO ORDERED that the judgment of the Superior Court is AFFIRMED.

2004 WL 2921830 (Del.Supr.), Unpublished Disposition

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

5

Westlaw.

Not Reported in A.2d
2004 WL 1551457 (Del.Super.)
**(Cite as: 2004 WL 1551457 (Del.Super.))**

**H**
Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT
RULES BEFORE CITING.

Superior Court of Delaware.
CHRISTIANA TOWN CENTER, LLC a Delaware
limited liability company Appellant,
v.
NEW CASTLE COUNTY, a political subdivision of
the State of Delaware, New Castle
County Board of License, Inspection & Review, and
New Castle County Department
of Land Use, Appellees.
**No. Civ.A. 03A-07-008RSG.**

Submitted March 22, 2004.
Decided July 7, 2004.

Upon Consideration of Appellant's Petition for
Certiorari: Denied.

Richard L. Abbott, The Bayard Firm, Wilmington,
Delaware, for Appellant.

Collins J. Seitz, Jr., Max B. Walton, and Scott G.
Wilcox, Connolly Bove Lodge and Hutz, LLP, for
Appellees.

MEMORANDUM OPINION

GEBELEIN, J.

**\*1** Christiana Town Center ("Christiana") filed a
petition for *certiorari* to review a decision of the New
Castle County Board of License, Inspection and
Review ("Board"). Upon reviewing the parties'
submissions and the record, the decision of the Board
must be AFFIRMED.

FACTS

Christiana is the owner of approximately 70 acres of
land located in White Clay Creek Hundred, New
Castle County, at the intersection of Main Street and
Delaware Route 273 near the Village of Christiana.
The land is zoned "CR" (Commercial Regional) and
is approved for the development of 452, 842 square
feet of commercial space for a shopping center. This
design is pursuant to a record re-subdivision plan

approved by the New Castle County ("the County")
on August 31, 2001, and recorded on that same date.

On March 7, 2002, the Department of Land Use
("Department") issued a stop work order to
Christiana as a direct result of nine alleged violations
of the Delaware Sediment and Stormwater
Regulations and the New Castle County Drainage
Code. The Department held four Rule to Show Cause
hearings by December 21, 2002 to address progress
made by Christiana on directives found on two
violation notices, as well as the prior Rule to Show
Cause decisions. After the fourth hearing, a January
9, 2003 decision directed a penalty of $500 per day
until a revised erosion and sediment control plan was
signed, sealed and submitted, and Christiana was
brought into compliance. If Christiana was not in
compliance by January 19, 2003, a fine of $1000 per
day would be assessed; if not in compliance by
January 24, 2003, the Department would stop all
work at the site.

On January 9, 2003, the Department met on site with
Christiana to discuss the existing violations in
addition to alleged newly discovered violations. On
the same date, Christiana submitted a revised erosion
and sediment control plan that was accepted by the
Department to allow Christiana to put into effect field
controls to stop the movement of sediment and
pollution of the nearby stream. The Department
requested a code compliant plan on January 13, 2003.
A violation notice, consisting of 27 items, combining
newly discovered and previous violations was issued
on January 15, 2003. A hearing held on January 24,
2003 resulted in a Rule to Show Cause decision dated
January 30, 2003.

Christiana appealed the Department's decision to the
Board of License Inspection and Review ("Board")
claiming that the Department committed a number of
procedural and substantive legal errors in the process
of addressing the drainage issues on the site. A public
hearing was held on April 9, 2003 and after
considering the arguments of the parties, the Board
voted to affirm the decision of the Department
indicating that the actions of the Department were
taken pursuant to law, and were not arbitrary or
capricious.

NATURE AND STAGE OF THE PROCEEDINGS
On January 15, 2003, the New Castle County

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                    Page 2
2004 WL 1551457 (Del.Super.)
**(Cite as: 2004 WL 1551457 (Del.Super.))**

Department of Land Use (the ("Department") issued a violation notice to Christiana citing twenty-seven violations of the New Castle County Drainage Code ("Drainage Code") at the Christiana Town Center shopping center site ("Shopping Center"). Specifically, the notice addressed eighteen new violations and nine outstanding violations from a March 2002 rule to show cause decision. On January 24, 2003, a rule to show cause hearing was held at which time the parties reviewed the alleged violations. The Department issued a written decision on January 30, 2003. In its decision, the Department recognized Christiana's efforts to control sediment from leaving the property and that adverse weather conditions impeded Christiana's ability to address all of the items in the combined violation. [FN1] Accordingly, the decision relieved Christiana of a previously imposed penalty directive provided that certain high priority violations be addressed by January 31, 2003. The Department also granted Christiana's request to be given until April 15, 2003 to complete the remaining items, with the exception of item number twenty-seven that was to be submitted on or before February 7, 2003. [FN2]

  FN1. Dept. of Land Use Notice of Rule to Show Cause Dec., Case No. 200300215 (Jan. 30, 2003), at 7. OR Dept. of Land Use Resp. Brief for BLIR hearing at Exhibit G.

  FN2. Id.

**\*2** Christiana appealed the decision to the Board and a hearing was held on April 10, 2003. The Board's decision was issued on April 17, 2003 affirming the decision of the Department. [FN3] The Board found that the Department's actions were taken pursuant to law, and were not arbitrary or capricious. [FN4] On April 14, 2003, Christiana filed a petition for a writ of *certiorari* to review the decision of the Board. On May 22, 2003, Appellees (collectively referred to as the "County") filed a Motion to Dismiss the complaint based upon Christiana's premature filing of the writ of *certiorari*. By decision dated, July 18, 2003, this Court granted the County's motion to dismiss, but also, granted Christiana leave to re-file the complaint in order to properly perfect the matter. [FN5]

  FN3. Bd. Dec. at 3.

  FN4. Id. at 3-4.

  FN5. *Christiana Town Center, LLC, v. New Castle County, et al.,* Del.Super., C.A. No.

03A-04-007 RSG, Gebelein, J. (July 18, 2003)

 In the re-filed complaint initiated on July 18, 2003, Christiana presented a new argument in response to an argument made by the County is its answering brief. As such, the Court permitted the parties to submit memoranda of law regarding the merits of Count VIII of the complaint. On March 25, 2004, the parties stipulated to an agreed upon schedule to file supplemental letters. All submissions by the parties and briefing are complete and the matter is ripe for decision.

STANDARD OF REVIEW
Upon a Writ of Certiorari from a decision of a Board, the Court must limit its review to correcting errors of law and determining whether substantial evidence supports the Board's findings of fact and conclusions of law. [FN6] Substantial evidence equates to such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. [FN7] If the decision is supported by substantial evidence, the Court must sustain the decision of the Board even though it would have decided otherwise had it come before it in the first instance. [FN8] This is because it is for the agency, not the court, to weigh evidence and resolve conflicting testimony and issues of credibility. [FN9] Thus, "review is generally confined to jurisdictional matters, error of law or irregularity of the proceedings which appear on the face of the record." [FN10] In this context, the burden of persuasion rests upon the party attempting to show that the Board's decision was arbitrary and unreasonable. [FN11]

  FN6. *Janaman v. New Castle County Board of Adjustment,* 364 A.2d 1241, 1242 (Del.Supr.) aff'd. 379 A.2d 1118 (Del.1976).

  FN7. *Oceanport Ind. v. Wilmington Stevedores,* 636 A.2d 892, 899 (Del.1994).

  FN8. *Mellow v. Board of Adjustment,* 565 A.2d 947, 954 (Del.1988) quoting *Searles v. Darling,* 83 A.2d 96, 99 (Del.1951).

  FN9. *Mellow* at 954.

  FN10. *Goldstein v. City of Wilmington,* 598 A.2d 149, 152 (Del.Supr.1991); Shoemaker, 375 A.2d at 437.

  FN11. *Mobil Corp. v. Board of Adjustment,* 283 A.2d 837, 839 (Del.1971); *Mellow,* 565

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d
2004 WL 1551457 (Del.Super.)
(Cite as: 2004 WL 1551457 (Del.Super.))

Page 3

A.2s at 955.

DISCUSSION

Christiana comes to this Court with its petition as part of a long odyssey seeking to exercise its administrative remedies regarding the decision of the Board of License Inspection & Review. In this proceeding, Christiana asserts seven arguments for review.

First, in its opening brief as "Argument I" and later in its July 18, 2003 Complaint in *Certiorari* as "Count VIII", Christiana alleges that the Board failed to provide justification for its decision to deny Christiana's appeal on the record and therefore it is entitled to automatic reversal of the decision and remand for a new hearing. [FN12] In response, the County argues that pursuant to *Electora, Inc. v. Summit Aviation, Inc,* [FN13] a thirty day filing period from the date of a final administrative decision is appropriate. [FN14] Because the Board's decision was issued on April 17, 2003, and this argument was not asserted until Christiana filed its opening brief on June 12, 2003, it is time barred. In the alternative, the County argues that despite the lack of a formal presentation outlining the rationale for the Board's decision, there is sufficient evidence contained in the record. [FN15] In response, Christiana argues that paragraph thirty of the complaint in *certiorari* dated April 14, 2003 expressly asserts the following:

FN12. Opening Brief at 10 and Complaint in *Certiorari* at 16.

FN13. *Electora, Inc. v. Summit Aviation, Inc., 528 A.2d 1199 (Del.Super.1987).*

FN14. Answering Brief at 8.

FN15. *Id.*

*3 At the conclusion of the Board hearing on April 10th, the three (3) members present made brief comments and immediately thereafter upheld the Decision and denied the appeal without any debate, discussion or explanation. [FN16]

FN16. Appellant's Reply Brief at 2.

In addition, Christiana maintains that the record in this case was not handed up to the Court until on or about May 15, 2003. Because Christiana did not receive a copy of the transcript, a separate request was made to receive a copy from the County. Christiana received the copy on or about June 5, 2003

and the opening brief was filed on June 12, 2003. As a result, Christiana argues that the presentation of the argument within a week of the first date that Christiana could confirm that the Board members failed to state a legitimate basis for their denial is timely. [FN17]

FN17. *Id.*

Finding that Christiana's argument is not time barred because of the circumstances pleaded, the issue will be addressed herein.

Substantial evidence equates to such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. [FN18] A review of the transcript from the April 10, 2003 hearing and the Notice of Decision (dated April 17, 2003) provides substantial evidence to show that members of the Board did provide intelligible bases for their conclusions. [FN19] That it may not be as exhaustive as Christiana might desire, it is not sufficient to support grounds for a reversal.

FN18. *Ocean port Ind.* at 899.

FN19. Hearing Transcript at 125-27.

Second, Christiana argues that the Board committed an error of law by acting arbitrarily and capriciously in denying the appeal. Christiana indicates that the County required Christiana to attend the rule to show cause hearing just nine calendar days after the violation notice was issued. [FN20] During that time period, freezing temperatures and precipitation caused adverse site conditions. As a result, Christiana argues that because such a short period of time was allotted, under severe weather conditions, it was physically and practically impossible to deal with the numerous violation issues. [FN21] The County responds that convening of the hearing within nine calendar days was necessary in order to force Christiana to comply with the prior directives and address new issues. [FN22] In addition, the County states, that Christiana waived any objection to the reasonableness by appearing and not objecting during the hearing . [FN23]

FN20. Opening Brief at 11.

FN21. *Id.*

FN22. Answering Brief at 10.

FN23. *Id.*

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                              Page 4
2004 WL 1551457 (Del.Super.)
**(Cite as: 2004 WL 1551457 (Del.Super.))**

The Court is limited to whether substantial evidence exists in the record to support the Board's decision. [FN24] Although a party's rights to notice and a hearing are fundamental, they are subject to waiver. [FN25] The record reflects that although the County gave only nine calendar days for Christiana to address the Notice before a hearing was commenced on those issues, and then only 24-hours notice regarding the actual hearing, Christiana waived normal service [FN26] and failed to state any objection to the timing at the actual hearing. [FN27] If Christiana perceived that it was greatly disadvantaged by the short notice of the January 24, 2003 hearing, it should have objected and preserved that issue on the record. The lack of objection on the record indicates that this has become a factor in retrospect.

FN24. *Mellow* at 954.

FN25. *Mazik v. Decisionmaking, Inc.,* 449 A.2d 202, 204 (Del.1982); citing *D.H. Overmeyer Co., Inc. v. Frick* 405 U.S. 174 (1972).

FN26. Hearing Transcript at 18

FN27. Department of Land Use's Response to Christiana Town Center, LLC.'s Administrative Appeal of the Department's Show Cause Decisions Dated January 30, 2003 at 6.

*4 Third, Christiana submits that the Board committed an error of law in denying Christiana's appeal since the County violated Christiana's constitutional due process rights by failing to give sufficient and advance notice of the hearing. [FN28] Again, the County answers that Christiana effectively waived its rights to advanced notice of the hearing by appearing and failing to object. [FN29]

FN28. Opening Brief at 12.

FN29. Answering Brief at 12.

Substantial evidence equates to such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. [FN30] The record confirms that the County contacted Christiana's property manager for the site, Mr. Oeste and attempted to contact Christiana's Counsel at the time, Mr. Oberly the day before the hearing in order to notify them of its scheduling. [FN31] It also confirms

that the following day Mr. Oeste and several other representatives of Christiana were present at the hearing and that there were no objections at that time to the convening of that hearing. [FN32]

FN30. *Oceanport Ind.* at 899.

FN31. Hearing Transcript of April 10, 2003 at 18.

FN32. *Id* at 51.

Fourth, Christiana claims that the Board acted arbitrarily or capriciously or committed a legal error in admitting and considering what amounts to evidence of "prior bad acts" by Christiana. [FN33] The County defends by stating that the purpose of the hearing was, in part, to address issues that existed since March of 2002 and therefore, discussion of prior history was appropriate. [FN34] Here, the record clearly supports that the purpose of the hearing included outstanding violations in addition to the ones that had been noticed only nine days before. [FN35]

FN33. Opening Brief at 13.

FN34. Answering Brief at 13.

FN35. New Castle County Code Official Notice of Rule to Show Cause Decision, January 20, 2003 at 1.

Fifth, Christiana contends that the Board acted arbitrarily and capriciously and committed legal error in denying its appeal on the grounds that the decision imposed substantial monetary fines without concluding that Christiana possessed the requisite state of mind. [FN36] The County responds that the record supports that Christiana possessed the requisite "intentional" state of mind to support the imposition of the fines and further, that it agreed to the fines. [FN37]

FN36. Opening Brief at 15.

FN37. Answering Brief at 15-16.

Substantial evidence equates to such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. [FN38] The record establishes that the fines were only imposed after Christiana failed to comply with penalty directives 3, 4, 5, and 6 in the March 18, 2002 rule to show cause decision regarding the Erosion and Sediment Plan.

Not Reported in A.2d
2004 WL 1551457 (Del.Super.)
**(Cite as: 2004 WL 1551457 (Del.Super.))**

[FN39] The Department of Licenses and Inspection testified that it was their interpretation that the failure to comply was an intentional decision to violate the Drainage Code. [FN40] Further, the record shows that Christiana did agree to the imposition of $1,000 a day fines until "certain items related to drainage at the Bertucci's site, Main Street and the Goldstein parcel were resolved." [FN41]

> FN38. *Ocean port Ind.* at 899.

> FN39. New Castle County Code Official Notice of Rule to Show Cause Decision, January 9, 2003 (incorrectly dated 2002) at 2.

> FN40. Hearing Transcript at 53.

> FN41. Letter from Richard L. Abbott to Scott G. Wilcox, February 4, 2003 at 3.

Sixth, Christiana argues that the Board acted arbitrarily and capriciously and committed legal error in denying its appeal on the grounds that the County has no legal authority to request a new erosion and sediment control plan. [FN42] The County replies that under the Delaware Sediment and Stormwater Regulations, when major changes to a site are required, as in the case with Christiana's site, the property owner shall submit a revised approved plan to the plan approval agency. [FN43]

> FN42. Opening Brief at 16.

> FN43. Answering Brief at 16.

**\*5** If the decision is supported by substantial evidence, the Court must sustain the decision of the Board even though it would have decided otherwise had it come before it in the first instance. [FN44] This is because it is for the agency, not the court, to weigh evidence and resolve conflicting testimony and issues of credibility . [FN45] In its April 9, 2003 decision, the Board of License Inspection and Review makes a careful analysis of both Christiana's and the County's arguments with regard to this issue. [FN46] The Board's ultimate conclusion to affirm the decision of the Department of Land use is supported by substantial evidence in the record and therefore cannot be disturbed.

> FN44. *Mellow* at 954.

> FN45. *Id.*

> FN46. New Castle County Board of License Inspection and Review Decision, April 9, 2003 at 3.

Seventh and lastly, Christiana argues that the Board acted arbitrarily and capriciously by denying Christiana's appeal regarding the compliance with one item which was conceded as being in compliance at the Board meeting. [FN47] The County agrees that this matter was settled and that this item should be dismissed. [FN48]

> FN47. Opening Brief at 17.

> FN48. Answering Brief at 17.

For the above stated reasons we must affirm the decision of the Board.

IT IS SO ORDERED.

2004 WL 1551457 (Del.Super.)

END OF DOCUMENT

6

Westlaw.

Not Reported in A.2d                                        Page 1
2003 WL 21488200 (Del.Ch.)
**(Cite as: 2003 WL 21488200 (Del.Ch.))**

**H**
Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT
RULES BEFORE CITING.

Court of Chancery of Delaware.
CHRISTIANA TOWN CENTER, LLC
v.
NEW CASTLE COUNTY
No. Civ.A.20215.

June 23, 2003.

Dear Counsel:

LAMB, Vice Chancellor.

*1 Pending before the court is Christiana Town
Center, LLC's motion for reargument of the court's
opinion and order dated June 6, 2003 (the "June 6
Opinion"). [FN1] For the reasons briefly explained
herein, that motion will be denied.

FN1. *See generally Christiana Town Center,
LLC v. New Castle County, 2003 WL
21314499 (Del. Ch. June 6, 2003).*

"A motion for reargument will usually be denied
unless the Court has overlooked a decision or
principle of law that would have a controlling effect
or the Court has misapprehended the law or the facts
so that the outcome of the decision would be
affected." [FN2] There has been no such
misapprehension of the law or the facts, and the court
has not overlooked a decision or principle of law that
would have a controlling effect on the outcome of
this case.

FN2. *Huntington Homeowners Ass'n, Inc. v.
706 Investments, 1999 WL 499451 at *1
(Del. Ch. June 30, 1999)* (citation omitted).

The June 6 Opinion denied Christiana's request for
the entry of a permanent injunction and dismissed the
action without prejudice on two grounds: (1) the
complaint did not properly invoke this court's equity
jurisdiction; and (2) the plaintiff has failed to exhaust
its administrative remedies. [FN3] Christiana argues
the court erred in both of these respects.

FN3. *See Christiana Town Center, 2003 WL
21314499, at *1.*

As discussed in the June 6 Opinion, Christiana has
the burden of proving subject matter jurisdiction.
[FN4] To determine whether Christiana has met this
burden, the court must review the allegations of the
complaint as a whole to determine the true nature of
the claim. [FN5] After engaging in this exercise, the
court concluded that "a plain reading [of the
complaint] shows that all Christiana realistically
seeks is a declaratory judgment as to the meaning and
scope of the UDC Clean Hands Provision." [FN6]

FN4. *Id.* at *3.

FN5. *Id.*

FN6. *Id.* at *4.

Christiana is correct in its conclusion that the
Declaratory Judgment Act [FN7] does not, standing
alone, divest this court of equity jurisdiction.
Christiana is incorrect, however, when it argues that
this court relied exclusively on the Declaratory
Judgment Act for its decision. [FN8] Rather, the
court recognized that in some situations a simple
declaratory judgment would not amount to an
adequate remedy at law, and the Court of Chancery
would therefore retain jurisdiction over certain
matters. The current dispute, however, involves a
situation where a declaratory judgment does provide
an adequate remedy at law because "the court must
presume that the County will respect any decision
rendered by any competent court of this State."
[FN9] Thus, the Court of Chancery lacks subject
matter jurisdiction to hear the current dispute. [FN10]

FN7. 10 Del. C. § 6501 *et seq.*

FN8. *See* Mot. for Rearg. at ¶ 5 (arguing
"that the Declaratory Judgment Act may not
be relied upon as a 'magical close sesame' to
the Court of Chancery's jurisdiction over a
matter").

FN9. *Christiana Town Center, 2003 WL
21314499, at *4 & n. 19* (noting that "[i]t
would be anathema to our form of
government to believe, as a baseline

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                         Page 2
2003 WL 21488200 (Del.Ch.)
**(Cite as: 2003 WL 21488200 (Del.Ch.))**

principle, that after a court renders a declaratory judgment another governmental agency would not follow that decision. It may be the case that a particular agency does not follow such a judgment, but a party should only seek injunctive relief if that agency *actually* refuses to comply with the judicial declaration") (emphasis in original).

FN10. In its motion for reargument, Christiana also argues that this court must have jurisdiction to hear the claim because the Superior Court does not. Mot. for Rearg. at ¶ 6. The court correctly addressed this issue in the June 6 Opinion when it determined that the Superior Court does have jurisdiction because it can issue a declaratory judgment. *Christiana Town Center,* 2003 WL 21314499, at *4.

Christiana's final contention is that the court erred by dismissing Christiana's complaint for its failure to exhaust administrative remedies because the June 6 Opinion relied on a letter from the County to Christiana dated after the complaint was filed. [FN11] The court's decision to dismiss Christiana's complaint in this regard was based on a finding that the availability of a legal remedy (*i.e.,* an administrative appeal) negated Christiana's ability to meet its burden of proving it had no adequate remedy at law. This remedy does not depend on any written decision. Rather, it exists at the moment a party becomes "aggrieved." [FN12] In the instant case, the jurisdiction of the Planning Board was established on March 18 and 21, 2003 when the denials were issued to Christiana and March 13 and 20, 2003 when the denials were issued to Bertucci's.

FN11. Mot. for Rearg. at ¶¶ 7-10.

FN12. *See* County Code § 40.31.510 (Any party aggrieved by a final finding, decision or interpretation of a decision maker may appeal such action).

*2 The County was not obligated to provide a formal written decision before Christiana could pursue an administrative appeal. The requirement for issuing a written decision merely establishes a statutory limitations period for pursuing an appeal. Under the Uniform Development Code, an aggrieved party has twenty days to pursue an appeal after a written decision is issued. [FN13] Other than the obligation that a decision be final, there is no limitation to the pursuit of an administrative appeal before a written

decision is issued. The failure to issue a written decision does not somehow divest or negate the administrative jurisdiction over the matter.

FN13. *See id.*

For the foregoing reasons, Christiana's motion for reargument is DENIED. IT IS SO ORDERED.

2003 WL 21488200 (Del.Ch.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2005, the foregoing **Compendium of Unreported Cases for the Individual Defendants' Reply Brief in Support of Their Motion to Dismiss or to Stay the Proceedings** was filed electronically with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

Richard L. Abbott, Esquire
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899

Dennis J. Siebold, Esquire
New Castle County Law Department
New Castle Corporate Commons
87 Reads Way
New Castle, DE 19720

Matthew F. Boyer