IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FRANK E. ACIERNO, CHRISTIANA TOWN CENTER, LLC, a Delaware limited liability company, 395 ASSOCIATES, LLC, a Delaware limited liability company, and ESTATE HOMES, INC., a Delaware corporation,<br><br>    Plaintiffs,<br><br>v.<br><br>GEORGE O. HAGGERTY, individually and in his official capacity as Assistant General Manager of the New Castle County Department of Land Use, SCOTT G. WILCOX, individually and in his official capacity as a First Assistant County Attorney, TIMOTHY P. MULLANEY, individually and in his capacity as New Castle County Attorney, CHARLES L. BAKER, individually and in his capacity as General Manager of the New Castle County Department of Land Use, JAMES H. EDWARDS, individually and in his capacity as Inspections Manager and Licensing Division Manager of the new Castle County Department of Land Use, and SHERRY L. FREEBERY, in her individual capacity as Chief Administrative Officer of New Castle County, and NEW CASTLE COUNTY, a Political subdivision of the State of Delaware,<br><br>    Defendants. | C.A. No. 04-1376<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

**RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION
FOR ESTABLISHMENT OF A BREIFING SCHEDULE**

    The Plaintiffs, through their undersigned counsel, hereby respond in opposition to the Defendants' Motion for Establishment of a Brief Schedule in this action, as follows:

1.   On March 13, 2005, Plaintiffs filed a Motion seeking leave of Court to file a Second Amended Complaint in this action. This was the Plaintiff's first Motion to amend the Complaint.

2.   The proposed amendments to the Complaint had two (2) bases: 1) clarifications of, and oversights in, the original Complaint; and 2) reactions to certain issues raised in the Defendants' Motions to Dismiss.

3.   The Defendants have alleged that there are certain deficiencies in the Complaint in seeking dismissal of many of the claims asserted. In some instances, the Defendants' objections to the Complaint are based upon either matters of form or minor substantive issues involving the lack of correct terminology or "magic words" in the pleadings.

4.   The Plaintiffs have chosen to move to amend in order to address some of the points raised by Defendants in their Motions to Dismiss, and to hopefully obviate the need for the Court to decide some of those issues.

5.   Pursuant to Rule 15 of the Federal Rules of Civil Procedure, this Court has the ability to liberally permit amendments in order to avoid dismissal and conform to the evidence. In fact, the 3rd Circuit has expressly endorsed the concept of permitting a Plaintiff who has not adequately pled claims with leave of Court to make amendments within a reasonable time after the Court's decision on a Motion to Dismiss. *Saporito v. Combustion Engineering, Inc.*, 843 F.2d 666, 675 (3d Cir. 1988).

6.   Many of the proposed amendments contained in the proposed Second Amended Complaint submitted on March 13, 2005 may be permitted by the Court

pursuant to the Rule 15 procedure as a result of the Court's rulings upon the currently pending Motions to Dismiss.

7. Judicial economy and efficiency militate in favor of deferring consideration of the Plaintiffs' Motion to Dismiss until after the Court has ruled upon the pending Motions to Dismiss. Before the parties embark upon another lengthy, extensive, and expensive undertaking to brief a fairly simple Motion for Leave to File Second Amended Complaint, it behooves the parties and the Court to await a determination as to whether and to what extent such briefing may ultimately be necessary.

8. In addition, the Court should defer consideration of the Motion for Leave to File Second Amended Complaint until after deciding the Motions to Dismiss in the interest of justice. The Defendants will presumably argue that the Court should not exercise its discretion under Rule 15 in order to permit the Plaintiffs time to amend the Complaint due to the pendency of the Motion for Leave to File Second Amended Complaint. Such wasteful maneuvering merely serves to further delay the ultimate outcome of the Plaintiffs' substantial claims against the Defendants on their merits.

WHEREFORE, the Plaintiffs respectfully request that this Court enter an Order in accordance with the form attached, deferring briefing on the Plaintiffs' Motion for Leave to File Second Amended Complaint until after the Court has rendered its ruling upon the currently pending Motions to Dismiss.

ABBOTT LAW FIRM

*/s/ Richard L. Abbott*

Richard L. Abbott, Esquire (I.D. #2712)
724 Yorklyn Road, Suite 240
Hockessin, DE 19707
(302) 489-2529
Attorneys for Plaintiffs

Dated: May 10, 2005