IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FRANK E. ACIERNO, CHRISTIANA TOWN CENTER, LLC, a Delaware limited liability company, 395 ASSOCIATES, LLC, a Delaware limited liability company, ESTATE HOMES, INC., a Delaware corporation,<br><br>　　　　Plaintiffs,<br>　　v.<br><br>GEORGE O. HAGGERTY, individually and in his official capacity as Assistant General Manager of the New Castle County Department of Land Use, SCOTT G. WILCOX, individually and in his official capacity as a First Assistant County Attorney, TIMOTHY P. MULLANEY, individually and in his capacity as New Castle County Attorney, CHARLES L. BAKER, individually and in his capacity as General Manager of the New Castle County Department of Land Use, JAMES H. EDWARDS individually and in his capacity as Inspections Manager and Licensing Division Manager of the New Castle County Department of Land Use, and SHERRY L. FREEBERY, in her individual capacity as Chief Administrative Officer of New Castle County, and NEW CASTLE COUNTY, a political subdivision of the State of Delaware,<br><br>　　　　Defendants. | C.A. No. 04-1376-KAJ |

**DEFENDANTS' REPLY IN SUPPORT
OF THEIR MOTION FOR A BRIEFING SCHEDULE
ON PLAINTIFFS' MOTION FOR LEAVE OF COURT
TO FILE A SECOND AMENDED COMPLAINT**

The Defendants, by and through their undersigned counsel, reply to the Plaintiffs' Response (D.I. 65) to Defendants' Motion for a Briefing Schedule on Plaintiffs' Motion for Leave of Court to File a Second Amended Complaint (D.I. 61) as follows:

1

1.      Briefing on the Defendants' Motions to Dismiss the First Amended Complaint ("Motions to Dismiss") is now complete. During such briefing, the Plaintiffs filed a Motion for Leave of Court to File a Second Amended Complaint ("Motion to Amend") (D.I. 50) to cure certain deficiencies in the First Amended Complaint. D.I. 65 ¶ 2. The Plaintiffs have declined to enter into a briefing schedule on the Motion to Amend.

2.      In their opposition to the Motion for a Briefing Schedule, the Plaintiffs erroneously contend that briefing on the Motion to Amend will be a "lengthy, extensive, and expensive undertaking." D.I. 65 ¶ 7. The proposed amendments are, as the Plaintiffs concede, "fairly simple." *Id.* The Defendants have proposed that their answering brief be filed ten days after the Plaintiffs' opening brief, and the reply brief five days thereafter. D.I. 61 ¶ 9. Such briefing should be done within the normal Local Rule page limits.

3.      The Plaintiffs also erroneously contend that deferring consideration of the Motion to Amend would promote judicial economy and efficiency. D.I. 65 ¶ 7. The Defendants will argue that the Motion to Amend should be denied on grounds of futility. Therefore, their opposition to the Motion to Amend will be governed by the same Rule 12 standards that govern their pending Motions to Dismiss. *E.g.*, J. Moore, Moore's Federal Practice §15.15[3] (3d ed. 2005). Efficiency would be served by presenting these Rule 12 issues together for resolution by the Court at the same time.

4.      The Plaintiffs believe that their proposed new allegations will "hopefully obviate the need for the Court to decide some of" the issues raised by the Defendants' Motions to Dismiss. D.I. 65 ¶ 4. However, only by considering the Motion to Amend and the Motions to Dismiss together may the Court determine whether the proposed

2

amendments have that effect. Under the Plaintiffs' scenario, the Court could devote considerable time in ruling on the issues raised in the Motions to Dismiss, and then be asked to determine, after further briefing, whether the proposed allegations in the already-filed Motion to Amend would cure the defects in the First Amended Complaint and thereby render the Court's prior ruling a wasted effort. The goal of efficiency is better served by placing all the pleading issues before the Court at the same time.

5. For these reasons, the Defendants respectfully request that the Court enter a briefing schedule on the Motion to Amend so that all the Rule 12 issues raised by the pending Motions to Dismiss and the Motion to Amend may be heard and decided together.

CONNOLLY BOVE LODGE & HUTZ LLP

*/s/ Matthew F. Boyer*

Collins J. Seitz., Jr. (#2237)
Matthew F. Boyer (#2564)
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19801

Dated: May 17, 2005

BIFFERATO, GENTILOTTI & BIDEN

*/s/ Joseph R. Biden III / MFB*

Joseph R. Biden III (#4203)
Ian Connor Bifferato (#3273)
1308 Delaware Avenue
Wilmington, DE 19806

Dated: May 17, 2005

McCARTER & ENGLISH

*/s/ Michael P. Kelly / MFB*

Michael P. Kelly (#2295)
Paul A. Bradley (#2156)
919 N. Market Street, Suite 1800
Wilmington, DE 19801

Dated: May 17, 2005

NEW CASTLE COUNTY
DEPARTMENT OF LAW

*Dennis J. Siebold /MFB*
Dennis J. Siebold (#751)
87 Reads Way
New Castle, DE 19720

Dated: May 17, 2005

STRADLEY RONON

*Claire M. DeMatteis /MFB*
Claire M. DeMatteis (#3187)
300 Delaware Avenue, Suite 800
Wilmington, DE 19801

Dated: May 17, 2005

COZEN O'CONNOR

*Jeffrey I. Pasek /MFB*
Jeffrey I. Pasek (*pro hac vice*)
David A. Felice (#4090)
Chase Manhattan Center
1201 N. Market Street, Suite 1400
Wilmington, DE 19801

Dated: May 17, 2005

4