**CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington DE 19899
TEL (302) 658 9141
FAX (302) 658 5614

1990 M Street, NW, Suite 800
Washington DC 20036
TEL (202) 331 7111
FAX (202) 293 6229

WEB www.cblh.com

Matthew F. Boyer

**DIRECT DIAL**: (302)-884-6585
**DIRECT FAX**: (302)-658-0380
**EMAIL**:      mboyer@cblh.com
**REPLY TO**:   Wilmington Office

July 8, 2005

**BY E-FILING**
The Honorable Kent A. Jordan
United States District Judge
U.S. District Court for the District of Delaware
844 North King Street
Wilmington, DE 19801

    Re:    *Acierno et al. v. Haggerty et al.*, C. A. No. 04-1376
            Citation of Subsequent Authority Pursuant To Local Rule 7.1.2(c)

Dear Judge Jordan:

      Pursuant to D. Del. Local Rule 7.1.2(c), and on behalf of all the Defendants in the above-captioned matter, the undersigned hereby calls to the Court's attention the recent decision of the United State Supreme Court in *San Remo Hotel, L.P. v. City and County of San Francisco, California*, 125 S. Ct. 2491 (June 20, 2005) on federal takings claims issues.

      In *San Remo*, the Supreme Court rejected petitioners' assumption that they had a right to vindicate their federal takings claims in a federal forum notwithstanding the rule of *Williamson County* that such claims are not ripe until the entry of a final state judgment denying just compensation. Focusing on issues of comity, the majority noted how in fact, there is "scant precedent for the litigation in federal district court of claims that a state agency has taken property in violation of the Fifth Amendment's takings clause," and then declared as follows:

> State courts are fully competent to adjudicate constitutional challenges to local land use decisions. Indeed, state courts undoubtedly have more experience than federal courts do in resolving the complex factual, technical, and legal questions related to zoning and land-use regulations.

The Honorable Kent A. Jordan
July 8, 2005
Page 2

125 S. Ct. at 2507. *See also id.* (noting how "this is not the only area of law in which we have recognized limits to plaintiffs' ability to press their federal claims in federal courts") (citing *Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 116 (1981), which held that taxpayers are "barred by the principle of comity from asserting § 1983 actions against the validity of state tax systems in federal courts.").

Chief Justice Rehnquist wrote a concurring opinion in *San Remo* arguing that this principle of comity should be limited to state taxation issues. Even this minority view, however, recognized that under the majority opinion, state courts are likely to decide virtually all federal takings issues involving state land use agencies. *See id.* at 2509 (Rehnquist, C.J., concurring) (acknowledging majority's remark "that state courts are more familiar with the issues involved in local land-use and zoning regulations," and noting how the majority "suggests that this makes it proper to *relegate federal takings claims to state court.*") (emphasis added).

In light of *San Remo*, the Defendants submit that Plaintiffs' takings claims are barred under recognized principles of comity and federalism. At the very least, *San Remo* confirms that Plaintiffs must attempt to file an inverse condemnation action in the Delaware state courts before asking this Court to uphold or expand the "scant precedent" of federal jurisdiction in a takings dispute arising from local land use decisions. In sum, we ask that the Supreme Court's recent *San Remo* decision be considered in connection with Defendants' Motions to Dismiss now pending before the Court in this case.

Respectfully,

Matthew F. Boyer
(Delaware Bar No. 2564)

MFB/tt
cc:   Clerk of the Court (by e-filing and courtesy copy by hand)
      All Counsel of Record (by e-filing)

404973_1