# ABBOTT LAW FIRM LLC

Richard L. Abbott, Esq.
302.489.ALAW
rich@richabbottlawfirm.com

July 11, 2005

**VIA ELECTRONIC FILING**

The Honorable Kent A. Jordan
United States District Court
844 North King Street
Lock Box 10
Wilmington, DE 19801

    Re:   *Acierno, et al. v. Haggerty, et al.*
            C.A. No. 04-1376 (JAK)
            *Citation of Subsequent Authority Pursuant to Local Rule 7.1.2(c)*

Dear Judge Jordan:

    I write to call to the Court's attention the same case referenced in Matthew F. Boyer, Esquire's letter to the Court dated July 8, 2005: *San Remo Hotel, L.P. v. City and County of San Francisco, California*, 125 S. Ct. 2491 (June 20, 2005). While the decision appears at first blush to potentially impact this action, a more thorough review reveals that it has little or no impact on the Motions To Dismiss currently before the Court for decision.

    The *San Remo Hotel* case is only relevant to federal takings claims which a Court has previously held are unripe pursuant to the Supreme Court's Opinion in *Williamson County Regional Planning Com'n v. Hamilton Bank Johnson City*, 473 U.S. 172 (1985). Indeed, Plaintiffs have argued that their takings claims are ripe due to the fact that there is no certain avenue of inverse condemnation relief in the State Courts for regulatory takings, let alone the type of takings which the Plaintiffs allege were carried out by the Defendants pursuant to the schemes and *fiat* alleged.

    Additionally, the Supreme Court's decision in *San Remo Hotel* was limited to "the question whether federal courts may craft an exception to the full faith and credit statute, 28 U.S.C. § 1738, for claims brought under the Takings Clause of the Fifth Amendment." *San Remo Hotel* at 2495. That question is not before this Court. Consequently, the *San Remo Hotel* has no bearing on the outcome of the currently pending Motions To Dismiss.

The Honorable Kent A. Jordan
July 11, 2005
Page 2

The only portion of the *San Remo Hotel* opinion which is worthy of note in the opinion of the Plaintiffs are certain portions of the concurring opinion of Chief Justice Rehnquist, joined in by Justices O'Connor, Kennedy and Thomas. Therein, the Chief Justice noted as follows:

> It is not clear to me that *Williamson County* was correct in demanding that, once a government entity has reached a final decision with respect to a claimants' property, the claimant must seek compensation in state court before bringing a federal takings claim in federal court. …It is not obvious that either Constitutional or prudential principles require claimants to utilize all state compensation procedures before they can bring a federal takings claim."
> *San Remo Hotel* at 2508, Rehnquist, C.J. concurring.

The Chief Justice persuasively warns of the need for a careful and judicious application of the *Williamson County* ripeness rule. Indeed, he notes that the Court's holding "ensures that litigants who go to state court to seek compensation will likely be unable later to assert their federal takings claims in federal court." *Id.* at 2509. Since some of the takings claims asserted in this action occurred a number of years ago, it may reasonably be expected that the Defendants would assert that any state court claims in those regards are barred by the statute of limitations. Thus, the *San Remo Hotel* decision and the comments in Chief Justice Rehnquist's concurring opinion point up the critical importance of allowing takings claims to proceed in federal court absent the clear applicability of the *Williamson County* ripeness rule.

Respectfully submitted,

Richard L. Abbott

RLA:cth
File No. 100.11
cc:   Matthew F. Boyer, Esquire
      Claire M. DeMatteis, Esquire
      Ian Connor Bifferato, Esquire
      Michael P. Kelly, Esquire
      Dennis J. Siebold, Esquire
      Jeffrey I. Pasek, Esquire
      Clerk of Court